CW 55

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §s 1983

2

3  Name __Lucas Jr.,_____ Isiah_____

4       (Last)          (First)          (Initial)

5  Prisoner Number  E-91878

6  Institutional Address  Pleasant Valley State Prison @ 24863 West Jayne Ave.,

7  Coalinga, Ca.  93210

8

9                 UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
10

11  __Isiah Lucas Jr._____
   (Enter the full name of plaintiff in this action.)

12                 vs.                    Case No. _____
                                          (To be provided by the clerk of court)
13  P.G. Dennis;

14  A. Aboytes;                  )        COMPLAINT UNDER THE
                                          CIVIL RIGHTS ACT,
15  W. Cohen;                             42 U.S.C §§ 1983

16  et al.
   (Enter the full name of the defendant(s) in this action))
17

18  [All questions on this complaint form must be answered in order for your action to proceed..]

19  I.   Exhaustion of Administrative Remedies

20       [Note: You must exhaust your administrative remedies before your claim can go

21       forward. The court will dismiss any unexhausted claims.]

22       A.   Place of present confinement  Pleasant Valley State Prison

23       B.   Is there a grievance procedure in this institution?

24            YES (X)     NO ( )

25       C.   Did you present the facts in your complaint for review through the grievance

26            procedure?

27            YES(X)     NO ( )
                  See Statement of Case and/or Facts.
28       D.   If your answer is YES, list the appeal number and the date and result of the
        IAB# 0709160  CTF-07-00149 STAFF COMPLAINT (Included as an Exhibit.)

COMPLAINT                        - 1 -

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal __Bypass__

_____

_____ 2. First

formal level __CTF-07-00149, dated @ 1-30-07. Partially granted,__

__however, the issue (Citizen's Complaint), was not adequately__

__addressed via that which governs  Citizen's Complaint.__

3. Second formal level __CTF-S-07-00149, dated @ 4-26-07. Citing: Your__

__appeal is being PARTIALLY GRANTED at the Second Level of Review.__

__(But that which is being granted has no relevece to the Complaint.)__
4. Third

formal level __IAB# 0709160  CTF-07-00149, dated @ Oct. 29, 2007, was__

__unduly Screened-out, clarification made and resubmitted. Returned__

__dated Dec. 31, 2007, citing: Provide written proof of the date of__
__receipt of the original CDC 602, but the matter had been explained.__
__that staff never returned the original--but instead a copy.__

E.   Is the last level to which you appealed the highest level of appeal available to you?

     YES (X)     NO ( )                                      properly
__However, plantiff has resubmitted that Director's level respond.__
F.   If you did not present your claim for review through the grievance procedure,

explain why. _____

_____

_____

II.   Parties

A.   Write your name and your present address. Do the same for additional plaintiffs, if any.

__Isiah Lucas Jr., (Plantiff) @ Pleasant Valley State Prison, 24863 West Jayne__

__Ave., Coalinga, Ca. 93210...__

_____

B.   Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                        -2-

1       place of employment.

2  P.G. Dennis (Appeals Coordinator); J. Aboytes (Appeals Coordinator); and

3  W. Cohen (Acting Warden) et al. @ Correctional Training Facility, P.O.

4  Box 689, Soledad, Ca. 93960

5

6                                     III.

7  Statement of Claim

8      State here as briefly as possible the facts of your case. Be sure to describe how each

9  defendant is involved and to include dates, when possible. Do not give any legal arguments or

10  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11  separate numbered paragraph.

12  On 7/8/06, Plantiff was said to have pushed a correctional officer, which

13  he did not, but that officer and her partner had stated that Plantiff pushed

14  the officer that made the allegation. Plantiff, was charged w/a assult on

15  staff and placed in administrative segregation. On 7/21/06, Plantiff moved

16  to file a Citizen's Complaint due to the misconduct of the two staff members

17  that was lying and falsifing the report(s) ect..

18

19  Being that the initial two officers had lied and falsified their report(s),

20  Plantiff moved to file a "Citizens's Complaint"which was initiated on 7/21/06

21  and instead of the delegated/appropriate staff member processing the "Citizen's

22  Complaint" they continue to undully deny the procession to the "Citizen's

23  Complaint". The Defendants (P.G. Dennis; J. Aboytes; are Appeals Coordinators

24  that is suppose to process such complaint, and W. Cohen) denied the right
                             of Plantiff, three times. See Attach.

25  IV.   Relief

26      Your complaint cannot go forward unless you request specific relief. State briefly exactly

27  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28  A)  That this Court mandate CTF-Soledad and/or California Department of

1  Correction Rehabilitation -- to properly enact the "Citizen's Complaint" to

2  Staff Misconduct in re Appeals Coordinators (P.G. Dennis & J. Aboytes), and

3  acting warden (W. Cohen) and additional punitive to the others (et al.), for

4  denying Plantiff that of his right to file a "Citizen's Complaint"; and B)

5  $10.00.oo for all involved that denied Plantiff his right via California

6  Code of Regulation & California Penal Code under the constitution, to enact
   a "Citizen's Complaint".

7       I declare under penalty of perjury that the foregoing is true and correct.

8

9  Signed this ___27___ day of ___January___, 2008

10

11

12                    (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDEX

| ISSUE(s) / LEGAL AUTHORITY | PAGE |
|---|---|
| STATEMENT OF FACT(s)... | 1 thru 11. |
| STATEMENT OF CASE... | 1 thru 15. |
| GOVERNING AUTHORITIES | 1 THRU 17. |

California Code of Regulations
Title 15. Crime Prevention and
Corrections (CCR)

15.

The California State Prisoner's Handbook
1.27 Citizen's Complaints (Employee Misconduct Appeals)

15.

California Penal Code
Penal Code §832.5

16.

Section 1983 of Title 42
of the United States Code
42 U.S.C. §1983

17.

Administrative Regulations

17.

| SUMMARY OF THE ARGUMENT... | 18 thru 19. |
| ARGUMENT... | 20 THRU 23. |

#1.
Denial of Plaintiff's Right
By Prison Staff inre CCR § 3391(b)

20,21.

#2.
Violation of Staff
Acting Under "Color of Law"

21 thru 23.

| CONCLUSION... | 23. |
| PRAYER FOR RELIEF... | 24. |
| VERIFICATION... | 25. |
| REQUEST FOR APPOINTMENT OF COUNSEL AND DECLARATION OF INDIGENCY... | 26. |

INDEX CONTINUE

LEGAL AUTHORITIES                                            PAGE


CALIFORNIA CODE OF REGULATIONS

3391(B)...                                      1,3,5,6,14,15,20.
3391...                                         19,22.
3391(a)...                                      13.
3310....                                        22.
3300...                                         13.
3084...                                         13.
3084.1...                                       16.

DEPARMENT OPERATION MANUAL

54100.2...                                      16.
54100.17.                                       16.
54100.25.1...                                   20.
CDC Admin. Bulletin 98/10...                    21.


CA. PENAL CODES

832.5...                                        1,3,5,6,14,16,18,19,20.
832.5(a)...                                     21.
148.6...                                        22.
5000...                                         17.

GOVERNMENT CODE

19752...                                        18.

COURT CASE

Hamilton v. San Bernadino, (C.D. Cal. 2000)
107 F. Supp. 2d 1239, 1244-1248...             16.

42 U.S.C. §1983...                              17.

MORE CALIFORNIA CODE OF REGULATIONS

3385.3(c)(2)...                                 9.
3084.6(c)...                                    10.
3270...                                         12.
3300...                                         13.
3291(b)...                                      15.

California Rules of Court

rule 4.551(c)(2)...                             26.

INDEX CONTINUE

## Included Exhibits

.Ex. AA, (five pages of. Correspondence betwix Plaintiff and Inmate Appeals Branch.

Ex. 1 of 16 (letter date Oct. 29, 07, from Inmate Appeals Branch ).
Ex. 2 of 16 (Inmate Appeal 602) initiated Dec. 19, 2006).
Ex. 3 of 16 (First Level response, dated Jan. 26, 07).
Ex. 4 of 16 (letter to Dir. of Corr. & CTF—Soledad — Appeals Coordinator, seeking the long overdue 602).
Ex. 5 of 16 (Second Level Response, dated 4/27/07, two pages of).
Ex. 7 of 16 thru 16 of 16, CDC—119, mail log hereat Pleasant Valley State Prison).

Ex. B (Witnesses Statements, two pages of).

Ex. 1 (Initial 602, that was not processed, in re Citizen's Complaint, against C/O Lavelle & Childers, due to Staff Misconduct).

Ex. 3 (1st Screen out, dated July 25, 2006, via P.G. Dennis).
Ex. 4 (Plaintiff's Notice of Clarification to Appeals Coor. inre the Screen out).
Ex. 5 (2nd Screen out, dated Aug. 18, 2006, via J. Aboytes).
Ex. 6 (Plaintiff's 2nd notice to appeals coo. inre their 2nd Screen out, two pages of).
Ex. 7 (3rd Screen out, dated Sept. 13, 2006, via acting Warden W. Cohen).
Ex. 8 (Plaintiff's 3rd notice to appeals coor. inre their 3rd Screen out).
Ex. 9 (4th Screen out, dated Sept. 21, 2006, via P.G. Dennis).

Ex. C/1 (letter from Inmate Appeals Branch, dated Dec. 6, 2006, via Chief Inmate Appeals Officer, N. Grannis).
Ex. C/2 (letter from Office of Internal Affairs, dated Oct. 20, 2006, via William Wells, Special Agent).
Ex. C/3 (letter from Ombudsman Office, Office of the Inspector Gen.,dated July 10, 2006, via Elizabeth Hawkins — Deputy Inspec. Gen.; and
Ex. C/3 from Ombudsman Matthew Thomas.

Ex. D (details of "Citizen's Complaint" from that of "The Claifornia State Prisoners Handbook, 5 pages of —— double sided).

iii.

1  Isiah Lucas Jr.,
   E-91878
2  PVSP B/2-133
   P.O. Box 8502
3  Coalinga, Ca.   93210

4                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRIC OF CALIFORNIA
5
   In re                            CAse No.:_____
6
       Isiah Lucas Jr.,             COMPLAINT UNDER THE CIVIL RIGHTS
7                                   ACT, 42 U.S.C. §1983.
   On 42 USC §1983.
8  _____/

9

10      Plantiff, Isiah Lucas Jr., comes now before this Court, to present his

11  claim for the Court to adjudicate in re Citizen's Complaint being denied to him

12  by the defendants (P.G. Dennis & J. Aboytes, Appeals Coordinators,; W. Cohen,

13  acting warden: and et al., employed at Correctional Training Facility - Soledad)

14  et al..Governing authorities hereto are: California Code of Regulations - Title

15  15 (CCR) §3391 (b); and California Penal Code Section §832.5.

16                              I.
17                   STATEMENT OF FACT(s).

18

19      #1)  On 7/8/06, Plaintiff, gathered all of his personal property and awaited

20  awaited for the cell door to be opened to move out of the cell he was assigned

21  to, as he suffered from being on the top bunk for in excess of four months when

22  staff at Correctional Training Facility - Soledad (CTF) was aware of his "Medical

23  Condition" that doctors/specialist had diagnosis and prescribed him to a "Lower

24  Bunk/Lower Tier" to help alleviate pain and disconfort. Staff was aware of

25  Plaintiff's medical condition the very first day he arrived at CTF (4/19/06),

26  and though Plaintiff contiued to address the issue via institutional appeal,

27  staff (at all levels), continued to refuse to remedy the matter and for several

28  months continued to cause Plaintiff to suffer physically.

                              Pg. #1

#2)  Plaintiff's Facility, had been on lock-down status, and inmates had been feed in their cells, and at about 0850 hours, C/O Lavelle had opened Plaintiff's cell door to pick-up trash from breakfast. [1/]  Plaintiff, had placed all of his property in front of the door, so when C/O Lavelle opened the door, Plaintiff had stepped out and began sliding the property across the threshold of the cell door, and in the process C/O Lavelle asked Plaintiff: what are you doing? Plaintiff replied: no longer living in 307.

#3)  C/O Lavelle, began ordering Plaintiff to get back in the cell, several time, and was ignored by Plaintiff. Plaintiff, continued the process of moving out — when C/O Lavelle placed her hand(s) on Plaintiff, and tried to push him into the cell. When Plaintiff felt C/O Lavelle's hand(s) in the small of his back, he stpped and faced C/O Lavell and said: "Please, do not touch me. C/O Lavelle, then backed up and allowed Plaintiff to finish moving out the remainer of his property that total 7 boxes and one laundry fill bag.

#4)  When Plaintiff finished moving out his property, he then turned and faced C/O Lavelle after slamming shut the cell door, and thats when C/O Lavelle activated the alarm..

#5)  When the alarm was activated, C/O Childers, was across the tier on the other side on the 2nd tier about 3 3rd the way down the tier, began runing to where we were on the 3rd tier at cell 307. Before he arrived, Plaintiff had followed C/O Lavelle's order to turn and face the wall, where she placed one cuff on Plaintiff and C/O Childers did the other wrist.

---

1/  C/O Lavelle, had with her another inmate, a inmate porter, where she would open the door and he had the trash bag in hand to collect any trash. The inmate was Hensley, D-91834.

COURT PAPER

1     #6)  After Plaintiff was handcuffed, about 20 officers acosted the cite,

2  Plaintiff was then escorted away, out of the wing and down the main corridor

3  by some unknown officer, when over the officer's radio was heard "assult on

4  staff" which Plaintiff could not believe, and openly declared that he did'nt

5  touch anyone.

6

7     #7)  Plaintiff was taken to medical and checked for any injuries, then

8  escorted away and placed in a cage about 2½ square feet (Plaintiff is 6ft/5in),

9  his braces (both) was taken, orthotic braces, and left in this cage for five

10  hours, and was told that he was being charged with "assult on staff". Plaintiff

11  was left in the cage for five hours before taken to administrative segregation

12  only to be placed into another cage before taken to a cell (X-Wing 110 ).

13

14     #8)  On 7/10/06, Captain Guerra and Sgt. Woods, issued Plaintiff a CDC-114

15  D (Administrative Segragative Unit Placement Notice), whereas unbeknowest to

16  Plaintiff, he signed off to "decline 1st Investigative Employee Assigned", but

17  immediately submitted notice to have one assigned and requested that a "Polygraph

18  Examination" be administered.

19

20     #9)  On 7/21/06, being thta Plaintiff was being wrongfully charged with

21  "Assult/Battery on Staff" , as he "did not" push C/O Lavelle as stated in the

22  "Crime/Incident Report, and being that "C/O Lavelle" failed to include in her

23  report that she tried to push Plaintiff back into the cell -- Plaintiff sub-

24  mitted to [APPEALS COORDINATOR] [2/] a CDC Appela 602 to investigate & initiate

25  a "Citizen's Complaint" due to staff misconduct[3/] citing CCR §3391 (b) and also

26  in compliance to legal stature governed by Ca. Pen. Code §832.5.

---

2/  It is Appeals Coordinator's duty to process citizen's complaints
3/  The misconduct is C/O Lavelle false claim of Plaintiff pushed her, she failed
to mention in her  report that she tried to push Plaintiff; and C/O Childers
lying about seeing Plaintiff push C/O Lavelle.

COURT PAPER
STATE OF CALIFORNIA

1    #10)  On 7/27/06, Plaintiff, received a screen-out from the appeals

2   coordinator dated July 25, 2006, stating:

3           "Your appeal is missing: CDC 7219; CDC 114 D
            Comments: You make allegations of staff mis-ues of
4           force but fail to provide supporting documentation
            such as CDC 115 charge and medical report".
5
6   But there is absolutely "nothing" on the 602 stating I'm complainting about

7   mis-use of force, but plainly stated "Staff Misconduct" . Plaintiff, moved to

8   correct/clarify the matter.

9
10       #11) On 7/27/06, Plaintiff submitted a response to Screening at the IN-

11   FORMAL Level, CLARIFICATION to the previous "Screening", clarifying [exactly]

12   what happened and his concise intentions.

13
14       #12) On 8/22/06, Plaintiff received his 2nd CDC Form 695 (Screening at the

15   INFORMAL Level), dated Aug. 18, 2006, Stating:

16          "Comments: Appealing a disciplinary action not completed...

17   That "is not" what Plaintiff stated in "none" of the documents submitted. So

18   again Plaintiff moved to address the matter to appeals coordinator(s).

19
20       #13) On 8/29/06, Plaintiff submitted a "2 page" letter again re-iterating

21   his concise intentions, which "was not" to appeal "any disciplinary action—4/

22   but instead looked to initiate a [Citizen's Complaint" due to "staff misconduct]

23
24       #14) On 9/15/06, Plaintiff received for the 3rd time, a "CDC Form 695 Scr

25   Screening at the INFORMAL Level" from the appeals coordinator's ofc. stating:

26          "Comment: Your complaint has been received by acting warden
            W. Cohen and determined your appeal to be processed as a
27          Disciplinary Appeal.—5/   In the event you are found guilty of the charges.

────────────────────────────────────────────

28   4/  Appeals Coordinators, know or should know that citizen's complaint & dis-
     ciplinary actions -- are tow completely separate issues and process.
     5/  Staff, is not vested with the power to select for inmates to process a
     Citizen's Complaint -- as a Disciplinary Appeal.



Again, by no means in any submitted paper work(s) do Plaintiff state that he is appealing a [Disciplinary Decision] and in the previous letter dated August 29, 2006, make it perfectly clear as in all statements ect., that the matter has "NOTHING" to do with pending "Disciplinary Action". Again, Plaintiff moved to "Re-iterate" his intentions of CITIZEN'S COMPLAINT to STAFF MISCONDUCT.

#15) On 9/18/06, again Plaintiff moved to notify appeals coordinator  of his rights to file that of a "Citizen's Complaint" to staff misconduct, while at the same time responding to prior CDC Form 695.

#16) On 9/22/06, Plaintiff received yet a 4th CDC Form 695 Screening at the INFORMAL Level, stating:

> "Comments: Final copy of CDC-115. A Copy of this
> appeal is on file."

All that Plaintiff has experienced, he felt was "Staff Misuse of Power" acting under "Color of Law" depriving him of his right under CCR §3391 (b) and Ca. Penal Code §832.5. Therefore, Plaintiff moved to have the matter enacted and/or investigated by outsude agencies that governs California Department of Corr. and Rehabilitation.

#17) On 8/21/06, Plaintiff submitted/circumvented the same letter request-ing assistance/intervention to staff misconduct:

> A) Office of Inernal Affairs; 6/
> B) Mr. Matthews Cate @ Office of Inspector General;7/
> C) Mr. Cchrist Weaver (Ombudsman).8/

6/  Plaintiff, corresponded w/this agency twice, both times rendered no help to what was being sought. It was fully explained what was occuringby all in-volved staff, yet the submitted info was sent to staff @ CTF inwhich the opened material was brought back and handed to plaintiff. Ofc. of Internal Affairs stated the issue should be handled via 602, even though that's what Plaintiff was trying to do and being ignored by CDC is why the matter was placed before this Ofc. of Internal Affairs.
    On or/about 9/18/06, Plaintiff submitted a letter inre to the matter at hand to the Ofc. of Internal Affairs, and approx. on 10/13/06 (Continue next pg.)

COURT PAPER
STATE OF CALIFORNIA

1    #18) On 9/25/96, Plaintiff, submitted the matter and the 602 that request

2    the "Enactment of Citizen's Complaint for both C/O Lavelle & Childers  in

3    compliance to CCR §3391 (b) and California Penal Code §832.5, and also falsi-

4    fying of a Report" and explained the details of the matter(s).

5    Plaintiff, also explained that staff @ CTF refused to process the 602 to

6    enact "Citizen's Complaint to Staff Misconduct". The "Director of Correction

7    at Chief Inmate Appeals Level"  returned the matter to Plaintiff, not pro-

8    cessing the CDC Appeal 602 in re "Staff Misconduct to Citizen's Complaint"

9    telling Plaintiff to submit to appeals coordinator. Again, the matter was

10   presented to the Director of Corrections due to the Appeals Coordinator @ CTF

11   refusing to process the "602 inre Staff Misconduct" in the first place, and in

12   four different occassions via "Screen-outs, purposely & unduly.

13   Continue from previous page.

14   Sgt. Mowery, brought to Plaintiff, that which was sent to them. Sgt. Mowery,
     asked Plaintiff "did he give it to another inmate to help me with it?" Befuddled
15   I responded "no". Later Plaintiff found out that it was wrongfully (by mistake)
     given to another inmate, Charles J. CDC# T-56703. Plaintiff resubmitted the
16   paper work, which later was sent to staff at the institution, and again staff
     brought it back to Plaintiff, opened.
17   7/ Stated was: After reviewing your correspondent, we determined that the
     issues you raised could be more effectively addressed through a general approach
18   rather than individually. Given the volume and complexity of the complaints
     we receive, it is not possible for us to fully research and respond separately
19   to each complaint. (Other wording was therein followed, but all of it stated
     they woul'nt assist.)
20   8/ Mr. Matthew Thomas, in his response felt that my appeal had exceeded its
     timeframe, therefore, there was little assistance that he could provide.
21   Plaintiff did send Mr. Thomas another letter explaining (and showing) that
     Plaintiff's timeframe was not expired -- and sought his assistance to intervene
22   simply to enact his right to initiate a Citizen's Complaint to Staff Misconduct.
     But Mr. Thomas, never responded.

23   //

24   //

25   //

26   //

27   //

28   //

COURT PAPER
STATE OF CALIFORNIA

1    #19) On 12/19/06, Plaintiff sent CDC Appeal 602 -- to Appeals Coordinator

2  at CTF-Soledad, exhausting remedies:  A) Against staff for denying Plaintiff's

3  right to enact "Citizen's Complaint to Staff Misconduct".

4    On 1/19/07, Plaintiff, doing a  Segregative Housing Unit - term @ CSP-

5  Corcoran, was escorted from his cell (4B1L-  ) and taken to Sargent's Office to

6  communicate (via telephone) with a Lieutenant Hancock from CTF-Soledad, with

7  him stating" Your staff complaint has been excepted, do you have anything

8  else to add? Plaintiff stated "no, and the Lieutenant abruptly hung-up the

9  phone. Lt. Hancock, still failed to:

10         A)  address the issue of why Staff at CTF-Soledad
           denied Plaintiff his right to enact a "Citizen's Complaint"
11         to "Staff Misconduct" ; and,

12         B)  process that of the "Citizen's Complaint" to the "Staff
           Misconduct".
13
      Plaintiff, moved on appeal/602, to again asking that Staff @ CTF-Soledad,
14
    address the issue of "why" they denied Plaintiff the right(s) to process his
15
    "Citizen's Complaint" to "Satff Misconduct". (12/19/06.) (See Ex. 1 of 16.)
16
      Initiated 12/19/06, the phone call came on 1/19/07, and Plaintiff received
17
    the response (not addressing the issue), on 3/12/07, whereas inre to "CCR
18
    §3084.6 Appeals Time Limits" all time restrictions have been excessively
19
    violated/disregarded.  Just the same, Plaintiff, on 3/14/07, forwarded the
20
    matter to the next level.
21

22    #20)  On 3/12/07, Plaintiff received FIRST Level response (See Ex. 2 of 16)

23  and in the APPEAL ISSUE -- they did not address the issues of P.G. Dennis,

24  J. Aboytes, and W. Cohen, refusal to process the Citizen's Complaint which

25  was the matter at hand being adressed.

26     The matter addressed therein the FIRST Level findings was PARTIALLY GRANTED

27  however, that which was PARTIALLY GRANTED has nothing to do with the  cruxs of

28  the complaint.

COURT PAPER
STATE OF CALIFORNIA

1   Not satisfied which that stated by FIRST Level respons, on 3/14/07,

2   Plaintiff responded and stated why he was not satisfied and placed the CDCR

3   Appeal 602 in the Appeal's Coordinators Mail Box @ CSP-Corcoran.

4

5   #21)  Due to the untimely responses by staff of CDCR, Plaintiff submitted

6   a 42 U.S.C §1983 In the United States District Court For The Northern Dist..

7   (Claim Number later give to the petition is: C-07-2014 CW [PR].) This was

8   submitted to mail about 3/20/07.

9

10   #22)  Plaintiff submitted to U.S. Dist. Ct. for Northern Dist., request

11   for enlargement of time and supplement showing that of the delay(s) of CDCR

12   Staff — hendering Plaintiif's exhaustion of administrative remedies.

13

14   #23)  On 6/20/07, Plaintiff received from the U.S. District Court Northern

15   District of California, Case No.: C-07-02014 CW [PR], Judgment: the court has

16   dismissed this action without prejudice for failure to exhaust available

17   administrative remedies. However, this matter was dismissed but gave Plaintiff

18   a chance to go back to exhaust his administrative remedies.

19

20   #24)  On 6/23/07, Plaintiff submitted another CDCR Appeal 602, to the

21   Appeals Coordinator hereat Pleasant Valley State Prison, seeking the CDCR 602

22   inre log # 07-00149 and/or have a copy issued that he may proceed to fully ex-

23   haust his administrative remedies in the issue of "Citizen's Complaint"

24   initiated on 12/19/06.

25

26   #25)  On 7/13/07, the 602 submitted on June 23, 2007 (which was written

27   on 12/19/06), returned to Plaintiff from CSP-Corcoran, had a "Yellow Sticky Tab"

28   attached stating: FOWARD A GA 22 REQUEST FORM TO CORRECT INSTITUTION REQUESTING

COURT PAPER

1  STATUS OF APPEAL.

2      Also, returned to Plaintiff was the 602 presented to Appeals Coordinator

3  hereat Pleasant Valley State Prison, inre the not responded to 602 (07-00149)

4  that was placed in the Appeals Coordinator's mail box on 3/14/07, was answered

5  stating: FOWARD TO SOLEDAD ALONG WITH SCREEN OUTS AND DOCUMENTATION.

6

7      #26)  On or/about 7/21/07, 602 inre Plaintiff trying to exhaust administr-

8  tive remedies, trying to locate the initial 602 at SECOND Level, matters against

9  Appeals Coordinators && Acting Warden, them refusing to process Plaintiff's

10  Citizen's Complaint

11

12      #27)  Plaintiff, sent to letter to Director of Corrections Appeals Office

13  and also to CTF-Soledad, inre Appeal Log No. 07-00149. Included with their

14  letters was the judgment/order that was sent to Plaintiff on 6/20/07), which

15  is with Plaintiff seeking SECOND Level response -- that he may exhaust his

16  Administrative Remedies.

17

18      #28)  On 8/22/07, the 602 that was sent to CTF-Soledad on 7/13/07, return

19  to Plaintiff with pages missing that detailed concisely what was . The Screen-

20  ing stated: YOU HAVE SUBMITTED AN APPEAL THAT DUPLICATES A PREVIOUS APPEAL UPON

21  WHICH A DECISION HAS BEEN RENDERED OR IS PENDING (CCR 3084.3(c)(2)).

22  Comments: CTF-S-07-00149.

23

24      #29)  On 8/24/07, Inmate Request For Interview, sent to appeals coordinator

25  at CSP-Corcoran, inre seeking info on 602 submitted to mail when I was there,

26  for SECOND Level Review inre Log. No.:CTF-S-07-00149, which I sent out on/about

27  August 1, 2007, returned stating: Interviewed by: K.Cribler. Disposition: IF

28  THIS APPEAL INVOLVED A CTF ISSUE/INCIDENT, CSP-COR. WOULD NOT HAVE PLACED A LOG#

Pg. #9

COURT PAPER

1 ON IT. I HAVE ATTACHED A PRINTOUT OF THE APPEALS WE PROCESSED FOR YOU THIS

2 FAR IN 2007.

3

4    #30)  On 9/13/07, Plaintiff received from Department of Correction, CTF-

5 Soledad, Supplemental Page Re: CTF Appeal Log No. CTF-S-07-00149 SECOND Level

6 Reviewer's Response. Appeal Decision: PARTIALLY GRANTED. (However, that which

7 they're PARTIALLY GRANTED, has nothing to do with the cruxs  of the appeal

8 that request "Citizen's Complaint" against P.G Dennis; J. Aboytes, and W. Cohen

9 et al. . See Ex.  5 of 16 .)

10

11    #31)  On 9/23/07, Plaintiff, fowarded the 602 received 9/13/07, to the

12 Director's Level for review inre log# CTF-S-07-000149, Staff Complaint.

13

14    #32)  On 11/6/07, Plaintiff received from Chief Inmate Appeal Branch De-

15 partment of Corrections and Rehabilitation, inre CTF-S-07-00149 IAB# 0709160

16 Staff Complaint, stating: APPELLANT MUST SUBMIT THE APPEAL WITHIN 15 WORKING

17 DAYS OF THE EVENT OR DECISION BEING APPEALED, OR OF RECEIVING LOWER LEVEL

18 DECISION IN ACCORDANCE WITH CCR 3084.6(c). ONLY THE ORIGINAL APPEAL FORM IS

19 ACCEPTED AT THE DIRECTOR'S LEVEL OF REVIEW.  (See Ex. 1 of 16.)

20

21          Plaintiff, addressed the fact that he has been timely
             in responding to all matters here in this appeal process,

22          and the delay in time at all levels thus far is on behalf
             of staff at the lower levels. NEVER, did Plaintiff allow

23          his time to exceed that of governing regulations, as each
             and everytime he received the 602 -- within days (never

24          to exceed to 15 days), he'd have his response in the mail.

25          Inregard to the ORIGINAL...Plaintiff explained that he did
             place the ORIGINAL in the Appeals Coordinator's mail box at

26          CSP-Cor., but when it came back from CTF-Soledad -- months
             later -- the ORIGINAL was replaced with that of what was

27          (is) now attached. Plaintiff, is not the one that replaced
             the ORIGINAL, but it is/was Staff!

28

COURT PAPER

1    #33) On 11/11/07, Plaintiff fowarded the CDCR 602, inre IAB#0709160

2 CTF-00149 STAFF COMPLAINT, that which was received on 11/6/07 (See sect.#32

3 that was prior to this on following page), after again -- re-iteration of:

4 (a) letting Chief Appeal know that all his responses was addresses timely; (b)

5 it was staff that removed the ORIGINAL 602 from the packet and had replaced

6 it with the copy that is being utilized their to the now packet. (See Ex. AA

7 4 of 5 .)

8

9    #34) On 1/9/08, Plaintiff received the CDCR 602, form the Director's

10 Level review - Inmate Appelas Branch (See Ex. AA, 3 of 5 ), stating: PROVIDE

11 WRITTEN PROOF OF THE DATE OF RECEIPT OF THE ORIGINAL CDC 602.

12    Plaintiff, responded to such, again reiterating all that address the

13 inquiries that continues to unduly come from staff'sresponding.[9] Plaintiff,

14 adressed the matter and submitted to mail on 1/15/08 (See Ex. AA, pg."1 "13" of 5),

15 and such has'nt been returned. [10]

16

17                              II.
                    STATEMENT OF THE CASE

18

19    On 7/8/06, Plaintiff, while housed at Correctional Training Facility -

20 Soledad, re fused to remain in a cell (DW 307upper), which he was assigned to

21 the top bunk when he have a medical condition that doctors diagnoised and

22 prescribed for him a lower bunk/lower tier, but staff -- refused to accommodate

23 doctors orders, causing undue sufferage onto Plaintiff. So, when staff opened

24 the cell door, Plaintiff began moving out, already having his property in

25 front the door, when he did -- he was asked by a Correctional Officer: WHAT

26 9/ All their responses dealt not with the merit/cruxs of the appeal, the refusal
   denial of filing a Citizen's Complaint, which the denial came by those delegated

27 with the authority to process, who are: P.G. Dennis, J. Aboytes, and W. Cohen..
   nor do they discuss the issue of compensation, all therein the CDCR 602.

28 10/ Plaintiff resubmitted the matter asking that they respond to finalize their
   position, and informing them that of the initiating of his 42 U.S.C. §1983.
   (See Ex. AA, pg 1 & 2 of 5 )

1   ARE YOU DOING. He replied: MOVING OUT OF 307. The Correctional Officer (C/O)

2   ordered him back into the cell -- which he continued to refuse. The C/O then

3   at some point in the occurances, tried to push Plaintiff back into the cell,

4   and in the C/Os endevor...Plaintiff turn around and told the C/O: PLEASE, DO

5   NOT TOUCH ME.  The C/O, back-up and gave space to the situation and allowed

6   Plaintiff to freely complete his moving out of the cell, with the exception

7   of continuing to order Plaintiff back into the cell. When Plaintiff completed

8   his task, he slammed shut the cell door and turned and face the C/O, the C/O

9   then activated the institutional alarm, instructed Plaintiff to turn and place

10  his hands on the wall -- where the C/O placed the first handcuff on Plaintiff,

11  and then came the other C/O that place the other cuff on the other wrist.

12  Plaintiff, was then escorted off, and upon being taken down the main corridor

13  he heard that he was being charged with "assult on staff" which baffled him.

14  Plaintiff,was indeed being charged with assult on staff, and such was affirmed

15  with him not only being placed in "Administrative Segregation" on the very

16  day, but also in the days to follow where he was issued various institutional

17  lock-up orders and/or reports charging him with "assult on staff".

18

19      Being that Plaintiff was being charged with "assult on staff" as the

20  reports showed, Plaintiff, on 7/21/06, submitted a CDCR Appeal (602), address-

21  ing the matter of "Staff Misconduct" addressing the following:

22

23          A) C/O Lavelle, failed to mention in her report that
            she physically tried to push Plaintiff into the cell;

24
            B) C/O Lavelle, lied, stating that on the initial re-
25          port that Plaintiff pushed her trying to get out of the
            cell;
26
            C) C/O Lavelle, left out the part where she tried to
27          push Plaintiff into the cell;

28          D) C/O Lavelle, violated CCR §3270 Gen. Policy, Security;



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

E) C/O Lavelle, is in violation of CCR §3300, Prevention of Disorder;

F) C/O Lavelle, engaged into "Employee Mis-conduct inre CCR §3391(a), when she placed her hand(s) on Plaintiff in an attempt to push Plaintiff back into the cell and then made no mention of such in her report, and then fabricated that Plaintiff pushed her in the upper chest, fasifying her report(s);

PART (2)

(A) C/O Childers, violated the "Employee Conduct" CCR §3391 when he lied in his report stating that he saw Plaintiff push C/O Lavelle and heard what was being said

(See Ex. B, By 1 Childers Statement)

Plaintiff,, stated all of the aforementioned and then submitted the 602 to institutional mail.

The 602 submitted by Plaintiff on July 21, 2006 (See Ex. #1, (two pages),

was returned to Plaintiff, being Screened Out[11]/ stating:

Your appeals is missing: CDC 7219; CDC 114D
Comments: You make allegations of staff mis-use of force but fail to provide supporting doucumentation such as CDC 115 charge and medical report. (See Ex.#3.)

Upon Plaintiff reviewing such, he moved to address the untrue notation that he'd received that was dated July 25, 2006. On July 27, 2006, Plaintiff responded (See Ex.#4 ) and submitted that of the CLARIFICATION, as theres nothing in the 602 stating mis-use of force.

On Aug. 18, 2006, another Screen-out was sent to Plaintiff (See Ex.#5),

with the Appeals Coordinator stating:

Comments: Appealing a disciplinary action not comepleted.

This is not -- what Plaintiff was doing, he stated that of his intentions

---

11/ SCREENING means evaluation by staff to ascertain that specific require-
ments are met, which are governed via CCR §3084.

1   concisely, so again he addressed the matter which is seen in the Ex. #6, two pages

2   _____, dated Aug. 24, 2006, where he detailed that he was making a CITIZEN'S

3   COMPLAINT inre CCR 3391(b) and P.C. Sec. §832.5, and he resubmitted.

4

5   Yet on or/about the 13th of September 2006, a third Screening was sent

6   to Plaintiff (See Ex. #7 ), stating:

7           Your complaint has been received by acting Warden W. Cohen
            and determined your appeal to be processed as a Disciplinary 12/
8           Appeal. In the event that you are found guilty of charges. ——

9   Plaintiff, knowing that such is not the case, nor is staff vested with the

10  authority to chose if an inmate's complaint is to be either a "Citizen's Com-

11  plaint or a Disciplinary Appeal", he again submitted another response to this

12  third Screening (See Ex. #8 ), dated Sept. 18, 2006.

13

14  On Sept. 21, 2006, staff againg drafted another Screening, the fourth

15  one, stating:

16          Comments: Final copy of CDC-115. Acopy of this appeal
            is on file. (See Ex. #9 .) 13/
17  With Plaintiff being unduly Screened-out, and so under the color of

18  authority, being deprived of his right to initiate that of a "Citizen's Com-

19  plaint", now being transfered to CSP-Corcoran (CSP), Planitif, on Dec. 19, 06,

20  initiated anthoer "Citizen's Complaint", this one against Staff that had re-

21  fused to afford Plaintiff of his right to file a Citizen's Complaint", which

22  is primarily the following:

23          P.G. Dennis & J. Aboytes (Appeals Coordinators @ CTF-Soledad)
            and W. Cohen (Acting Warden) thereat CTF_Soledad).
24

25  See that of Ex. 2 of 16 .
    _____

26  12/ This was unduly applied, as Plaintiff looked to file a Citizen's Complaint,
    governed by Art. 2 Employees Conduct, and that inre to a Disciplinary Appeal --
27  is governed in Art. 5 CCR, and the two (Citizen's Complaint & Disciplinary
    Appeals), are two separate issues that "do not co-mingle in their readings, nor
28  in the languish do it give staff the authority to choose for inmates whats to
    be.
    13/ This was said, but in saying it said absolutely nothing, theres no meaning.

1   This very matter, then went to the Director of Appeal, and they too

2   failed to respond and/or intervene that Plaintiff's rights be safegarded.

3   (See Their response ect at Ex._C/1_.) Also, the matter was placed before the

4   Office of Internal Affairs (See Ex._C/2_), and the California Ombudsman (See

5   Ex._C/3_ ),and they too took no interest in redressing the issue.

6   ∂ pages of

7                                    III.

8

9                          GOVERNING AUTHORITIES

10

11  California Code of Regulations
    Title 15. Crime Prevention and
12  Corrections (CCR)

13  3391. Employee Conduct.

14      (a)  Employees shall be alert, courteous, and professional in their deal-

15  ings with inmates, parolees, fellow employees, visitors and members of the pub

16  lic. Inmates and parolees shal be addresses by their proper names, and never

17  by derogatory or slang reference. Prison numbers shall be used only with names

18  to summon inmates via public address system. Employees shall not use indecent,

19  abusive, profane, or otherwise improper language while on duty. Irresponsible

20  or unethical conduct or conduct reflecting discredit on themselves or the

21  department, either on or off duty, shall be avoided by all employees.

22

23  The California Stae Prisoner's Handbook

24  1.27 Citizen's Complaints (Employee Misconduct Appeals)

25      The time limit for filing a citizen's complaint alleging misconduct by

26  a peace officer is one year for non-inmates. (15 CCR §3391(b); "peace officer"

27  is defined in 15 CCR §3291(b).)  It is disputed whether that one-yaer timeline

28  also applies to prisoners or whether they must file such complaints on a CDC

Form 602 within the normal 15-day timeline for administrative appeals. There is no specific legal requirement the CDC establish the same time limits for prisoners and non-prisoners to file such complaints, and the CDC has apparently taken the position that the normal 602 administrative appeal timelines apply to employee misconduct appeals filed by prisoners. On the other hand, one prisoner reported receiving a response from the Chief of Inmate Appeals in September 2003 stating that prisoners have one year to file citizen's complaints, and the CDC policies state that "an inmate/parolee appeal that alleges msiconduct by a departmental peace officer....is considered to be a citizen's complaint." (Department Operations Manual [DOM] § 54100.2; see also DOM § 54100.17, which says that an inmate appeal may be treated as an emergency if it is "an appeal categorized as a citizen's complaint" filed two to three years after the alleged incident, and which thus seemingly gives prisoners a basis to argue that prison staff should process late claims in at lease some cases.)

CDC regulations state that it is a violation of Penal Code § 148.6 to knowingly make a false complaint against a peace officer; the regulations also require a prisoner who is filing a staff misconduct complaint to sign a statement acknowledging his or her "rights and responsibilities. (15 CCR § 3084.1(e).)However, one court has held that Penal Code § 148.6 violates the federal constitution's First Amendment and the Fourteenth Amendment's equal protection clause because it sets a different standard for statements about peace officers than for statements about other public officials. (Hamilton v. San Bernardino (C.D. Cal. 2000) 107 F.Supp.2d 1239, 1244-1248.)

California Penal Code.

Penal Code §832.5 (a)(1)

Each department or agency in this state that employs peace officers shall establish a procedure to investigate complaints by members of the public

Pg. #16

against the personnel of these departments or agencies, and shall make a
written description of the procedure available to the public.

[See also Pen. C. § 832.5 (2) thru (3).]

Section 1983 of Title 42
of the United States Code

42 U.S.C. §1983

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citen'z of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, immunities secured by the Constitution and laws, shall be liable to the party injuried in an action at law, suit in equity, or other proper proceeding for redress..."

Administrative Regulations.

Administrative regulations are created by agencies which have been set up by the legislative and executive branches of government to help deal with specific law-making and decision-making responsibilities. Administrative agencies often act like a little government within a government; they often make rules, enforce rules and decide disputes and have an appeal system. The Ca. Department of Corrections (CDC) and the Board of Prison Terms (BPT) are administrative agencies. (Penal Code § 5000 et seq..) An agency's own regulations are binding and controlling upon the agency; therefore agencies must follow their own regulations. (A court may choose to apply the doctrines set forth by courts of the same or lower level in other jurisdictions, but it is not bound to do so.)

//

COURT PAPER

IV.
SUMMARY OF THE ARGUMENT

1  This matter germinates from staff @ CTF-Soledad, refusing to do their

2  obligated duty (Appeals Coordinator, P.G. Dennis & J.Aboytes  and the Act-

3  ing Warden, W. Cohen),  to file a "Citizen's Complaint" that Plaintiff attempt

4  to make as a right established by the legislature - implimented into law - and

5  regulated via Administratively inre California Code of Regulation - Title 15

6  Crime and Preventions. Also regulated via California Penal Code Sec. §832.5.

7

8  Staff was to process Plaintiff's complaint that the matter be investi-

9  gated, that a record of the alleged be documented. But for unduly reason(s),

10  staff refused to process such which do an unjust service to the interest of

11  justice not only to the inmate here (Plaintiff), but also to the overall in-

12  mate population, as well as the entire State of California, as being that

13  the aforementioned defendants (P.G. Dennis, J. Aboytes, and W. Cohen), refused

14  to afford Plaintiff's right to enact a "Citizen's Complaint" to "Staff Mis-

15  conduct",  states time is now spent in ajudicating this matter and:

16
        This matter contribute to baclogs, rights violations,
        and waste tax dollars by have CDCR Staff view this
17        matter and waste time/resources to entertain the issues
        herein, waste the time of the outsid justices in ad-
18        judicating the matter, and waste tax dollars by sub-
        jecting the state to increased lawsuits and payouts.

19  Plaintiff, had made multiple attempts to have his matter addressed via  govern

20  regulations inre California Code of Regulations and beyond, but staff refused

21  to abide by the CCR that regulates Plaintiff and their duties.

22

23  Theres a reson(s) that the "Citizen's Complaint" is set in place, and to

24  not apply the complaint, does a dis-service to the structure of the system.

25  According to Gov. Code §19572, reasons for discipline of a state employee in-

26  clude: incompetency, inefficiency, inexcusable neglect of duty, dishonesty,

27  intemperance, discourteous treatment, improper political activity, and misuse

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

SUMARRY OF

1  of state property. All such could be applied to"P.G. Dennis, J. Aboytes, and

2  W. Cohen", and to all others that is vested with the power "Under Color Of Law"

3  to redress this matter long before it even reached this stage, there within the

4  structure of CDCR and the agencies that the matter was presented to — that is

5  suppose to oversee the operation of CDCR.

6

7      Theres a reason for the establishment of the "Citizen's Complaint" system

8  inre CCR §3391 and Ca. Pen. C. §832.5 ect. ect..Pertinent to the the matter

9  here, to not process the complaint allows the officers (C/O Lavelle & Childers),

10 all officers, to continue to violate rules/regulations and bestow wrong unto

11 inmates. If a inmate/person complaint about a officer, and the complaint is'nt

12 processed, its as if the officer(s) has clean hands. But if a complaint is

13 processed, and when more and more complaints come in about the same employee(s),

14 someone is bound to take notice and take corrective action. To not process a

15 complaint against an officer/employee, is to cover any & all of their wrong do-

16 ings.

17

18     The Appeals Coordinators, P.G. Dennis & J. Aboytes, along with Acting

19 Warden, W. Cohen...had a duty to process Plaintiff's complaint, and for what

20 unwritten reason — they did not and wrongfully refused to; fact is there is

21 no legitimate or valid reason for them not processing the Plaintiff's complaint.

22

23 //

24

25 //

26

27 //

28 //



COURT PAPER
STATE OF CALIFORNIA

V.
ARGUEMENT

#1.
Denial of Plaintiff's Right
By Prison Staff inre CCR § 3391(b)

Plaintiff, ask that a "Citizen's Complaint" be enacted via 602 (See Ex.#1),

and that is his right which has been established by CCR §3391 which has been

put in place by the State Government. (See Ca. P.C. §832.5.) However, those

vested with the color of law / delagative authority — refused to provide this

right to Plantiff (See ex. D  the right of Plaintiff and/or that which gov.

Citizen's Complaint" due to Employee Misconduct Appeals).

If this Court would look at Exhibits:#3 /#5 /#7 /#9 ,
it shows that Staff did not process the Plaintiff's
Citizen's Complaint.

Theres a process that go forth once an inmate request that of a Citizen's Com-

plaint, as state law requires the CDC to establish procedures to investigate

"citizen's complaints" against peace officers, including prison guards. (See

Penal Code § 832.5(a).)

Plaintiff, asked that citizen's complaint be enacted,
ser Exhibit#1  , however, P. G. Dennis, J. Aboytes, and
W. Cohen (all employees at CTF-Soledad) refused the
Plaintiff his right (See Ex.#3 /#5 /#7 /#9.).

A citizen's complaint is a special kind of administrative remedy that is

available to prisoners and anyone else who has contact with prison officials.

Prisoners use the CDC administrative appeal process to pursue a citizen's

complaint against a CDC employee. (DOM § 54100.25.1.) Plaintiff did use the

CDC appeal process (See Ex.#1 ), yet staff fail to abide by that of the

1  DOM § §54100.25.1. The regular CDC 602 procedures apply to these citizen's

2  complaints, but with few exceptions. (Because of the special rules for handl-

3  ing staff misconduct complaints, prisoners should be careful to file separate

4  appeals for staff misconduct and other complaints. For example, a prisoner

5  should not combine an appeal of a disciplinary finding of guilt for assault on

6  staff with a complaint that it was actually the officer who assulted the pri-

7  soner. CDC Admin. Bulletin 98/10.) Plaintiff, is in full compliance to such.

8  (See Ex. #1.)

9

10  Other vioaltions can be shown, but the aforementioned shows that staff

11  did violate the procedure in the initial stage, and all else that follows -- too

12  has been violated. Its like trying to correctly cite the alphabits without

13  begining at A-B-C, but starting at D, the recital from D on is incorrect to the

14  correct recital. (See Ex. D , which gives full details of how the procedure

15  is set to go inre citizen's complaint.)  (Ex. D , 5 pages of )

16

17                                    #2.
                              Violation of Staff
18                         Acting Under "Color of Law"

19  P.G. Dennis (Appeals Coordinator), J. Aboytes (Appeals Coordinator); and

20  Acting Warden - W. Cohen...these are employees that work at Correctional

21  Training Facility - Soledad, and they have a duty to process the citizen's

22  complaint (See Ex.#1), but did not.

23

24  When Plaintiff, first initiated his 602 for a citizen's complaint (See

25  Ex.#1 ) against C/O  Lavlle & Childers, the investigation process was to

26  begin inre Penal Code §832.5(a), but instead of staff fulfilling their

27  obligation, it was Screen out with Staff unduly citing that of Plaintiff

28  making reference to MIS-USE OF FORCE. (See Ex.#3.) However, in Plaintiff's

1  languish in the 602, theres nothing of him claiming MIS-USE OF FORCE. (See

2  Ex.#1)

3

4      Then a second Screen out came to Plaintiff, with staff stating that

5  Plaintiff was "APPEALING A DISCIPLINARY ACTION NOT COMPLETED."(See Ex.#5.)

6  Such was "never mentioned by Plaintiff (that he appeal a disciplinary action),

7  and the matter stated in Plaintiff's appeal is concise to his intention.(SEE

8  Ex.#1 & #4.)

9          Stated in Ex. D (See highlighted) it states: Because of the
           special rules for handling staff misconduct complaints, prisoners
10          should be careful to file separate appeals for staff misconduct
           and other complaints. For example, a prisoner should not combine
11          an appeal of disciplinary finding of guilt for assult on staff
           with a complaint that it was actually the officer who assaulted
12          the prisoner. (This is a on point case to this matter hereto.)

13  If Plaintiff, ask for a citizen's complaint, and give the specific that governs

14  the matter, CCR §3391(b), then Staff is trained (should be) for the processing

15  of such.

16

17      After more clarification had been made (See Ex.#6, two pages a), a third

18  Screen out was sent to Plaintiff (See Ex.#7), with W. Cohen, acting warden,

19  unduly making a determination that Plaintiff's citizen's complaint — be pro-

20  cessed as a disciplinary appeal.

21          Its inconcievable, that W. Cohen (or any other), could
           not know that a "Citizen's Complaint" (gov. by CCR §3391),
22          and "Inmate Disciplinary Appeals" (gov. by CCR §3310) both
           are two completely separate issues...and could be viewed
23          as an attempt to divert the real issues from be reviewed,
           which is "Staff Misconduct".

24  That which Plaintiff placed in his appeal is concise, and states absolutely

25  nothing inre a "Disciplinary Appeal", nor do staff have the authority to change

26  an inmate's request for "Citizen's Complaint" to that of a "Disciplinary

27  Appeal".

28
                              Pg. #22

COURT PAPER
STATE OF CALIFORNIA

1    Plaintiff, again submitted yet another letter of clarification to address

2  the mater that he "was not" looking to have his matter processed as a "Dis-

3  ciplinary Appeal" (See Ex.#8), and fowarded it to the Appeals Coordinator's

4  office on September 18, 2006. And againg, another, the forth one, Screen out

5  was sent to Plaintiff (See Ex.#9), stating: FINAL COPY OF CDC-115. A COPY OF

6  THIS IS ON FILE.

7    Such makes no sense to the merits of the matter at hand.
   Plaintiff looked not to file his matter as a "Disciplinary
8    Appeal" nor did he ever made mention of such. Fact is that
   Plaintiff concisely stated his intentions, and multiple
9    times. (See Ex.#1, #4, #6, and #8.)

10  In all the doing herein by statff, it shows that they violated Plaintiff's

11  due process right to file/process his "Citizen's Complaint" and to have his

12  matter(s) inre C/O Lavelle & Childers -- investigated. Appeals Coordinators,

13  P.G. Dennis & J. Aboytes, along with Acting Warden W. Cohen, all acted in

14  complicit under "Color of Law" in violating Plaintiff's right to have a

15  "Citizen's Complaint" processed, by refusing to process/file such.

16

17                              CONCLUSION

18

19    For all the reasons set forth and stated herein, humbly Plaintiff ask

20  that a just look is applies and that relief be granted.

21

22  //

23

24  //

25

26  Dated January 17, 2008....          Signed by: _____
27                                       Isiah Lucas Jr.,
                                        Respectfully submitting,
28                                       Pro Se Litigant...

Pg. #23

PRAYER FOR RELIEF

Plaintiff is without remedy save by this Civil Rights Act, 42 U.S.C. §§1983.

WHEREFORE, Plaintiff prays the Court:

1. issue a Civil Rights Act, 42 U.S.C. §§1983;

2. declare the rights of the parties;

3. enact "Citizen's Complaint" against those that refused to enact Plaintiff's right to the initial "Citizen's Complaint", who are: P.G. Dennis; J. Aboytes; and W. Cohen;

4. appoint counsel award resonable fees;

5. award Plaintiff $10.000.oo in monetary damages and/or whatever the Court deems appropriate;

6. order defendant(s) to pay the cost of the court;

7. grant any other and further relief the Court deems proper.

//

//

//

//

//

//

Dated @ January 27, 2008...                Signed by: _Isiah Lucas_

Isiah Lucas Jr.,
Respectfully submitting

COURT PAPER
STATE OF CALIFORNIA

VERIFICATION

I, Isiah Lucas Jr., states:


    I am the Plaintiff in this action. I have read the foregoing petition for
42 U.S.C. §1983 and the facts stated therein are true of my own knowledge, ex-
cept to the matters that are therein stated on my own information and belief,
and as to those matters I believe them to be true.


    I declare under the penalty of perjury that the foregoing is true and
correct and that this declaration was executed on January *27*, 2008 at Pleasant
Valley State Prison, 24863 West Jayne Avenue, Coalinga, Ca. 93210.

                                   Isiah Lucas Jr.
                                   Plaintiff...


                                   CDC # E-91878...

Isiah Lucas Jr.,
E-91878
Pleasant Valley State Prison
24863 West Jayne Ave.,
Coalinga, Ca.    93210

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re

  Isiah Lucas Jr.,

On Complaint Under The Civil Rights
Act, 42 U.S.C. §§1983.

_____/

Court Case No.:

REQUEST FOR APPOINTMENT OF
COUNSEL AND DECLARATION OF
INDIGENCY.

I, Isiah Lucas Jr., declare that I am a plaintiff to the above-referenced matter,

that I am incarcerated at Pleasant Valley State Prison, and that I am indigent

and unable to afford counsel. My total assets are $0.oo  and my income is $0.oo

per month.

I hereby request that counsel be appointed in this matter so that my interests

may be protected by the professional assistance required. In addition, when a

court issues an order to show cause, counsel must be appointed for an indigent

plaintiff who request counsel. California Rules of Court, rule 4.551 (c)(2).

I declare under penalty of perjury that the foregoing is true and correct and

that this declaration was executed on January 2/, 2008.

Signed by: _____

Isiah Lucas Jr.,
Respectfully submitting...
Pro Se Litigannt...

Pg. #26

Isiah Lucas Jr.,
E-91878
PVSP B/2-133
P.O. Box  8502
Coalinga, Ca.    93210

Inmate Appeals Branch
1515 S. S Street
P.O. Box 942883
Sacramento, Ca.
94283-0001

Inre: Resonse to
dated letter (Dec. 31, 2007),
Clarification/Notification, to
Exhaust Admin. Remedies.

RE: IAB# 0709160   CTF-07-00149 STAFF COMPLAINTS

Dear I/M Appeals Branch,
Attn: N. Grannis, Chief:

On or/about, Jan. 10, 2008, I, I/M Lucas, received the appeal inre the above
entitled (See also attached), whereas in that of your letter dated Dec. 31,
2007...you state: PROVIDE WRITTEN PROOF OF THE DATE OF RECEIPT OF THE ORIGINAL
CDC 602. Even though I'd already provided you with a chronological time-line
of the events of how/when the appeal was sent and place, I'd take the time to
re-iterate the matter:

> #1)  After continueous refusal of CTF-Soledad's staff refusal to
> process a Citizen's Complaint on my behalf to investigate/document
> the misconduct of C/O Lavelle & Childers, I filed a CDC 602 for
> Citzen's Complaint against those [THAT UNDULLY REFUSED TO PROCESS
> THE INITIAL CITIZEN'S COMPLAINT].  This was done after I was transfered
> from CTF-Soledad -- to CSP-Corcoran on Dec. 19, 2006.
>
> #2)  Though initiated in December of 2006, on Jan. 19,07, I was taken
> to a phone to speak with a Lt. Hancock, who stated that the complaint
> has been excepted and was there anything else I want to add..
>
> #3)  On March 12, 2007, I did receive the CDC 602, which [Did Not]
> enact a Citizen's Complaint as was stated via telephone call on Jan.
> 19, 07...however stated that I had a year to file. This was at First
> Level.
>
> #4)  On March 14, 2007, (two days after receiving First Level response),
> while at CSP-Corcoran, I place in the Appeal Coordinator's mail box --
> the CDC 602 to be addressed by SECON LEVEL review.
>
> #5)  On March 30, 2007, I fowarded the matter to the U.S. Dist. Court
> for them to entertain the issue. (Case No.:C-07-2014-CW, they denied
> the matter without prejudice, that I exhaust Administrative Rememedy.)
>
> #6)  After multiple attempts via GA-22 and letters of inquiries, finally
> on September 13, 2007, did I receive (VIA INSTITUTIONAL MAIL), the CDC
> 602, AND NOT THE ORIGINAL BUT A COPY of the SECOND LEVEL review.

EX. AA
1 of 5

#7)   Being dissatisfied, with the SECOND LEVEL review (that took some six months to received), on Sept. 23, 2006, I  submitted to PVSP staff, the included CDC 602 for processing as Confidential Mail, to be sent hereto the Director's Level for review, which had been returned to Inmate Lucas statin:PROVIDE WRITTEN PROOF OF THE DATE OF THE RECEIPT OF THE ORIGINAL CDC 602.


INRESPONDING:

The last time Plantiff (Inmate Lucas), saw the ORIGINAL CDC 602, is when he placed it in the Appeal Coordinator's mail box at CSP-Corcoran on March 14, 2007. When such was returned, it was not the orginal — but instead the copy which Plaintiff has been using as if they would have sent the original. Also, when he received the CDC 602, it came from Ctf-Soledad sent to:(a) CSP-Corcoran **where Plantiff** was but had been transfered; (b) forwarded from CSP-Corcoran to PVSP where Plantiff was transfered to and he received it via institutional mail.

With such being shown, CDCR do not have in place any such procedure to verify the date the original (or any tother) CDC 602 is actually received.

CONCLUDING:

Therefore, with all said/shown, Plantiff now resubmit the CDC 602 (entire package to include 19 pages in all), that you'll entertain the matter and final finalize your position hereto this matter and so at this level of review.

Also, this Plantiff, informs this Inmate Appeals Branch, that he's going to go on and file his matter back in that of the U.S. Dist. Court, informing them of that inre this matter, and to also have process his 42 USC §1983.

Humbly, I thank you for your consideration to this matter, and ask humbly that you'll hastily render you judgment. Thank you much!!!


Dated: January 15, 2008...                    Signed by: _____
                                                Isiah Lucas Jr.,
                                                Respectfully
                                                submitting...


2 of 2
With Attached 19 pages.

Ex. AA
2 of 5

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

*INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 31, 2007

LUCAS, ISIAH, E91878
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210-8500

RE: IAB# 0709160    CTF-07-00149    STAFF COMPLAINTS

Mr. LUCAS:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Provide written proof of the date of receipt of the original CDC 602.

N. GRANNIS, Chief
Inmate Appeals Branch



****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Isiah Lucas Jr.,
E-91878
Pleasant Valley State Prison
24863 West Jayne Ave.,
Coalinga, Ca.   93210

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS & REHABILITATION
ATTN: Inmate Appeals Branch
1515 S Street
P.O. Box  942883
Sacramento, Ca.
94283-0001

In re: IAB#0709160
CTF-07-00149 STAFF COMPLAINT,
Responding to the Notice received
From this Ofc. dated @ Oct. 29,07...

Dear N. Grannis, Chief Inmate
Appeals Branch; and/or other autorized
person,

Greetings, and may this find all there fairing salubrious in all their being
and endevors..

Well, on November 6, 2007, I received that a notice from this office (See Attch.
at page #1), and I'd like to take this time to respond to it and clarify the issue
hereto this matter hoping that you'll give consideration that this matter may
move forth.

Therein the third paragraph of your notice, you state that you "has determined
that it (the 602) does not comply with the appeal procedures established in
California Code of Regulations (CCR) Title 15, Art. 8, and is being screened-out
and returned pursuant to CCR 3084.3 for the following reason(s):

An appellant must submit the appeal within 15 working days of the event or de-
cision being appealed, or of receiving a lower level decision in accordance with
CCR 3084.6(c). Only the original appeal form is accepted at the Director's Level
of Review. If you do not have the original appeal, see you Appeals Coordinator
for a replacement "Treat as Original" copy."

In responding:

A) You're screening-out wrongfully, as you stated "appellant must
submit the appeal within 15 working days of the events of decision
being appealed, or of receiving a lower level decision in accordance
with CCR 3084.6(c)"... If you'll look at the attach pages 2 thru 6,
you'll see that appellant received SECOND Level response on September
13, 2007, via institutional mail coming from CTF-Soledad.

B) Pertinent to the timeline of this matter and making a prima facie
showing that "STAFF" is in violation to CCR 3084.6 Appeals Time Limits.

#1) On 3/12/07, appellant received FIRST Level Response from

[ 1 of 2 W/Attach. ]

CTF-Soledad -- while he was at CSP-Corcoran. Being DISSATISFIED, two days later, 3/14/07, appellant forwarded the matter to SECOND Level Review via Appeal's Coordinator's Mail Box @ CSP-Corcoran. Though appellant submitted to mail on 3/14/07 for SECOND Level Review -- it was'nt returned to him until 9/13/07. (See pages 2 - 6 whereas appellant documented that on top of those pages)

#2)  Appellant points out that though he submitted to mail on 3/14/07, for SECOND Level Review, it was SIX MONTHS LATER that he received the SECOND Level Review a blant violation of CCR 3084.6 (b)(3) where it states [SECOND LEVEL RESPONSES SHALL BE COMPLETED WITHIN 20 WORKING DAYS, OR 30 WORKING DAYS IF FIRST LEVEL IS WAIVED PURSUANT TO SEC. 3084.5(a)(3)."

#3)  Appellant submitted to mail for SECOND Level Review on 3/14/07 and never heard from CTF-Soledad in responding to the CDC 602 inre to CCR 3084.6(b)(3), so on 8/15/07, appellant (after multiple other mailed out request, GA/22 ect.) submitted a letter to both CTF-Soledad and Director of Correction (this agency) looking for a response to the CDC 602, and also provided a copy of the U.S. District   Court's order inre the matter. (See attach pg. 4 of 16, and also CDC-119 at pg 9 of 16 of attach.) Only then did appellant received the SECOND LEVEL REVIEW which he received on Sept. 13, 2007. Appellant, being DISSATISFIED, stated such on the CDC 602 and forwarded the matter to THIRD LEVEL REVIEW to Director's  Level for Review (see attached at pg. 2 of 16, Sec. H) 10 days later (see date at 2 of 16 Sec. H, and also attach. at 11 of 16).

#4)  Appellant, was always timely in submitting his CDC 602 to the next levels in compliance to CCR 3084.6 Appeal Time Limits.

C) You state in the last paragraph of your notice; ONLY THE ORIGINAL APPEAL FORM IS ACCEPTED AT THE DIRECTOR'S LEVEL OF REVIEW. IF YOU DO NOT HAVE THE ORIGINAL APPEAL, SEE YOU APPEALS COORDINATOR FOR A REPLACEMENT "TREAT AS ORIGINAL" COPY.

In responding:

#1)  On 3/14/07, appellant, sent the ORIGINAL to CTF-Soledad (from CSP-Corcoran), and they never sent the original back to me -- but instead that which is here attached.

#2)  I ask you to communicate with CTF-Soledad inre the ORIGINAL that you seek as they're the ones who "did not" return the ORIGINAL and being that you're they're superior, I ask you (humbly) to seek the ORIGINAL, esp. being that appellant's prior endevors to communicate and obtain needed matterials from them has often (99.9% of the time) rendered no response and/or one of relevance to the requests.

INCLOSING

Appellant, I/M Lucas, now resubmit this matter to this Inmate Appeals Brabch for the State Of California Dept. of Corr. and Rehab., for DIRECTOR'S REVIEW, that relief is granted and/or Appellant is allowed to move forward in litigation.

Dated @ November _11_, 2007.              Signed by:

[ 2 of 2 W/Attach. ]

STATE OF CALIFORNIA –DEPARTMENT OF CORRECTIONS AND REHABILITATION        ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



October 29, 2007


LUCAS, JR., ISIAH, E91878
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA  93210-8500



RE: IAB# 0709160    CTF-07-00149   STAFF COMPLAINTS

Mr. LUCAS, JR.:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses.  Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c).
Only the original appeal form is accepted at the Director's Level of Review.  If you do not have the original appeal, see your Appeals Coordinator for a replacement "Treat as Original" copy.



N. GRANNIS, Chief
Inmate Appeals Branch

*I/M Lucas's in receipt of this herein this 6th day November year 2007.*

---

**\*\*\*\*PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE\*\*\*\***

Ex. 1 of 16

California Training Facility
Highway 101 North (Soledad Ca. 93960)          (COR          134

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category

1.          CTF-S          07-00149          7-4

**2ND LEVEL**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No appeals will be taken for using the appeals procedure responsibly.

MAY 2 2007          **STAFF CO** (obscured)

NAME          Lucas   3130?  134C          NUMBER  E-91878          ASSIGNMENT  Unassigned          UNIT/ROOM NUMBER  4B1L-59 CSP Corc

A. Describe Problem: On 7/21/06, I submitted a 602 in compliance to CCR 3391(b)(i) and Pen. Code Sec. 832.5, to initiate a Citizen's Complaint against C/O Lavelle and C/O Childers -- for Staff Mis-Conduct as C/O Lavelle- lied about me pushing her, and falsified her report leaving out that she pushed me; and C/O Childers -- lied stating he saw me push C/O Lavelle. The matter was screen on 7/25/06; 8/18/06; 9/13/06; 9/21/06; all denying me my right to file a Citizen's Complaint esp. when I continue to express my desire(s) and "only" due to the misconduct of C/O Lavelle & C/O Childers -- I know I did not touch C/O Lavelle; my witness(es) stated likewise and in a situation as such...it should've been investigate, for I'm being punished (SHU) due to a lie/misconduct. This matter was submitted to Mr. Matthew Thomas of CDCR, and
If you need more space, attach one additional sheet. to Inmate Appeals Branch on 9/25/06, received Response by Petitioner on 12/15/06

B. Action Requested: (A) To be justly compensated for everyone that act under "color of law" that de-prived me of my Constitutional Right to file a Citizen's Complaint against C/O Lavelle & C/O Childers, which also obstruct Justice; and, at the "court level" asking for an Injunction that the matter be fully investigated with the right denied (Citizen's Complaint) be initiated.

Inmate/Parolee Signature: _Janet Lucas Jr._          Date Submitted: Dec. 19, 2006

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

This copy of the 602 was returned to Plaintiff
not the ORIGINAL

BYPASS
INMATE APPEALS BRANCH
SEP 28 2007
RECEIVED

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BRANCH
NOV 15 2007
RECEIVED

**BYPASS**

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim          CDC Appeal Number:

DEC 23 2006          APR 9 2007          07-00149

CTF APPEALS          RECEIVED

First Level  ☐ Granted  ☑ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **DEC 23 2006**   Due Date **FEB 7 2007**

Interviewed by: ___ _See Attached_ ___

_____

_____

_____

_____

_____

Staff Signature: C. Sweget, Hancock   Title: Lt.   Date Completed: 1-26-07

Division Head Approved: _____

Signature: _____   Title: ___   Returned to Inmate: JAN 31 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied! A) No compensation has been granted inre to being Wrongfully Screen-out on Four (4) previous occassion by Appeals Coordinator @ CTF ect.; B) Injunction Relief "has not" been properly initiated, which is Staff Misconduct via Citizen's Complaint... (Note: Received this 602 back on March 12, 07...)

Signature: _Isiah Lucas Jr._   Date Submitted: March 13, 2007

Second Level  ☐ Granted  ☑ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **APR 9 2007**   Due Date: **MAY 7 - 2007**

☑ See Attached Letter

Signature: _____ (s) R. Pope   Date Completed: 4-26-07

Warden/Superintendent Signature: _____   Date Returned to Inmate: MAY 2 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Not Satisfied, and so for the reasons set forth in Sections "A, B, and D" of this 602... Note to the Reviewer of this Appeal: Plantiff, Isiah Lucas, has been timely in filing of this appeal, and though submitted to the SECOND LEVEL of Review on or/about 3-14-07, it was received by Plantiff on 5-13-07 via PVSP Institutional Mail... Complete Package inre to this 602, 5 pages...

Signature: _Isiah Lucas Jr._...   Date Submitted: Sept. 23, 2007

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0709160

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

☐ See Attached Letter

CDC 602 (12/87)   Date: _____

Attachment E     2/21/06

State of California

# Memorandum

Date   :   January 26, 2007

To   .   :   Lucas, E-91878

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # 07-00149**

**APPEAL ISSUE:** That Officer Lavelle pushed you and afterward falsified reports of Assault on Staff that never happened. You also accused Officer Childers of falsifying reports of Assault on Staff that never happened. You claimed all parties were not interviewed because Inmate Gibbs may have seen the incident. You submitted an Inmate Appeal Form with the following action requested. "To be justly compensated for everyone that act under "color of law" that deprived you of your Constitutional Right to file a Citizen Complaint against Officer Lavelle & Officer Childers, which also obstructed justice, and at the "court level" asking for an Injunction that the matter be fully investigated with the right denied (Citizen Complaint) be initiated."

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒   PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐   REFERRED TO THE OFFICE OF INTERNAL AFFAIRS

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 1-19-07 by Lieutenant· C. C. Hancock and stated; "On July 8, 2006 at approximately 0850 hours, Officer G. Lavelle pushed me and afterward falsified reports of Assault on Staff that never happened". You also claimed that Officer Childers falsified reports of Assault on Staff, and that all parties were not interviewed because Inmate Gibbs may have seen the incident. The following witnesses were questioned: Inmates Hensley, D-91834 and Gibbs, K-75976. The following information was reviewed as a result of your allegations of staff misconduct: Appeal Package Log #07-00149 containing CDC 602 Log #06-03452 and response, CDCR Incident Package Log # CTF-C-06-07-0156, AOD Contact Memorandum authored by Lt. C. Hancock dated 7-8-06, CDC 115 Rules Violation Report Log # III-07-06-01, CDC 602 Log #06-01425 and response, CDC 1824 Reasonable Modification or Accommodation Request dated April 28, 2006, Comprehensive Accommodation Chrono dated 1-18-05, Comprehensive Accommodation Chrono dated 5-25-06, CDC 128-C dated 5-18-07, Cell Move Request Form undated, Memorandum dated 12-15-05 by P. Barker, Chief Deputy Warden concerning lower bunk assignments, Memorandum from Office of Inspector General dated 7-10-06, CDC 629-A SHU Term Worksheet dated 10-6-06,  and Inventory Sheet dated 7-8-06.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is **PARTIALLY GRANTED** at the ☒ First level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

R. Pope, A/W(s)                         1-30-07

Associate Warden                                        Date
CTF-Central

Isiah Lucas Jr.,
E-91878
PVSP  B/4-129
Box  8502
Coalinga, Ca.    93210

RECEIVED

AUG
CTF APPEALS

To The Following(s):

Director of Corrections
Attn:  Chief, I/M Appeals
Box    942883
Sacramento, Ca.    94283-0001

and

# 07-00149

Appeals Coordinator's Office
@
California Training Facility-Soledad
High Way 101 N., P.O. Box  689
Soledad, Ca.    93960

INRE: Appeal Log No.: 07-00149,
never received 2nd LEVEL Response...

Dear Above Entitled,

On 12/19/06, from CSP-Corcoran, I submitted a 602 inre to allegations of
CTF-Soledad's Appeal Office, wrongfully denying to process a citizen's
complaint. I received a response from that 602 while at CSP-Corcoran on
3/12/07, and being dissatisfied I forwarded it to the next level via placing
it in the Appeals Coordinator's Mail Box, and that was done on 3/14/07.
Since then, I've made multiple attempts to inquire about the 602 but heard
absolutely nothing. The attempts was made while at CSP-Corcoran via requests
to appeals coor. ofc., all to no avail.  Was later transfered hereto Pleasant
Valley State Prison, and has made numerous attempts to find out about that
602 by way of CDC I/M Requests and CDC 602, all efforts has been to no avail.
I then made several request (via mail) to CTF-Soledad, inquiring about the
602 that I may move on in litigations to exhaust my administrative remedies,
all efforts (again) has been to no avail.

I now make this last attempt, hoping that the appeal procedural process be
honored, that litigations can go forth in its proper manner. I also present
this issue now before the Director of Corrections - Chief I/M Appeals level,
with hopes that they'll oversee this matter to bring a legal resolve to the
issue, and being presented to (only them) the Director Of Corrections — is
the U.S. District Court's (Case No.: C 07-02014 CW (PR) ORDER OF DISMISSAL and
JUDGMENT, whereas they've dismissed the matter without prejudice...and will
hear the matter once the exhaustion of administrative remedies are completed.
Its the only copy that I have, so if the Cal. Training Facility - Soledad
has reasons to view it you should be able to FAX them the copies. I move to show
the court(s) that I'm making every reasonable effort to exhaust admin. remedies
before placing the matter back before them. I submit this letter respectfully.

Dated @ August 15, 2007...                    Signed by:

**DEPARTMENT OF CORRECTIONS**
Correctional Training Facility
Soledad, California





S U P P L E M E N T A L   P A G E

RE:   CTF APPEAL LOG No. **CTF-S- 07– 00149**
      Second Level Reviewer's Response

NAME:  LUCAS        CDC NUMBER:  E-91878        HOUSING: CSP-COCORAN

APPEAL DECISION:

    **PARTIALLY GRANTED**

APPEAL ISSUE:     Staff Complaint

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEAL RESPONSE

    In your appeal you state the following:

(1) That on July 21, 2006, you submitted an appeal (CDC 602) to initiate a citizen's complaint against Officers G. Lavelle and J. Childers for staff misconduct. In your appeal, you stated that Officer Lavelle lied about you pushing her. She falsified her report leaving out that she pushed you. Also, that Officer J. Childers lied by stating that he saw you push Officer Lavelle.

(2) That the matter was screened on 7/25/06, 8/18/06, 9/13/06 and 9/21/06, and that you were denied your right to file a Citizens Complaint. You continued to express your desires to file a Citizens Complaint only due to the misconduct of Officers Lavelle and Childers.

(3) That on 9/25/06 you referred this matter to Mr. Matthew Thomas of California Department of Corrections and Rehabilitation and to the Inmate Appeals Branch. You received a response on 12/15/06.

(4) That you be justly compensated by everyone that deprived you of your rights to file a Citizens Complaint against Officers Lavelle and Childers, which obstructed justice.

(5) That a court level injunction be ordered to have the matter of your right to file a Citizens Complaint fully investigated.

A thorough review of your appeals package, all of your attachments, and all relevant documentation has been completed and reveals the following:

(1) On January 19, 2007 you were interviewed by Correctional Lieutenant C.C. Hancock who provided you the opportunity to explain you're appeal, present supporting information and documents. During the interview you stated, On July 8, 2006 at approximately 0850 hours, Officer Lavelle pushed you and afterwards falsified reports of Assault on Staff which never happened. You also claimed that Officer Childers falsified reports of Assault on Staff, and that all parties were not interviewed because inmate Gibbs may have seen the incident. The following inmate witnesses were interviewed, Inmates Hensley D-91834 and Gibbs K-75976. Also the following staff witnesses were interviewed Officers Lavelle and Childers.

(2) On January 19, 2007, an interview was conducted with Officer Childers and he stated that on July 8, 2006 he saw you push Officer Lavelle on the third tier of D-Wing while she was collecting trash from the cells.



Second Level Reviewer's Response
CTF Appeal Log #*CTF-C-07-00149*
Page 2 of 2



(3) On January 19, 2007, an interview was conducted with Officer Lavelle, and she stated that on July 18, 2006 when she opened your cell door, you started placing your property on the tier just outside your cell. When she instructed you to put your property back in your cell, you slammed the door closed. You then pushed her in the upper chest area with hands in an effort to get past her. Officer Lavelle then pressed her personal alarm button and responding staff placed you in handcuffs.

Dissatisfied with the First Level Response, you submitted your appeal for a Second Level Review.

(1) On October 3, 2006, the Rules Violation Report (Log #III-07-06-01) was heard by Lieutenant L. Chavez who found you guilty of Battery On A Peace Officer Without Serious Injuries. You appealed Lieutenant Chavez's decision on 10/18/06 which was denied at the Second Level Review (Log #06-03452).

(2) On April 13, 2007, Correctional Counselor-II P. Dennis, Appeals Coordinator was interviewed by Lieutenant T. G. Jarvis and he stated that your appeals were not processed because you had a Rules Violation Report pending adjudication. He had informed you on several occasions that until the Rules Violation Report was adjudicated you could not proceed with your appeal. Upon receiving Appeal Log #CTF-07-00149, it was to process as a Staff Complaint because the Rules Violation Report had been adjudicated.

(3) The appropriate supervisory staff has been advised of the complaint and it has been investigated. In the event of staff misconduct the institutional supervisory or administrative staff will take the appropriate course of action; however, this is confidential information and will not be released to you.

Your allegation of staff misconduct by Correctional Officers G. Lavelle and J. Childers is **UNSUBSTANTIATED**. You have not provided sufficient information that would substantiate your claim that the Officer had committed an illegal act. You have also failed to provide objective, reliable, physical evidence and/or witnesses to support your charge against this Officer.

Based upon the aforementioned, your appeal is being **PARTIALLY GRANTED** at the Second Level of Review. Specifically, that your appeal was processed as a Staff Complaint and no compensation will be awarded.

J. Sisk                                     Date *4-26-07*
Associate Warden (A)
Correctional Training Facility

_____          Date
Ben Curry
Warden (A)
Correctional Training Facility

cc:  Appeals Office File
     Inmate's Central File

# CDC-119

## SPECIAL PURPOSE LETTERS

| LUCAS | E91878 ADDRESS | TYPE OF LETTER REC'D/SENT | SENT | REC'D |
|---|---|---|---|---|
| | LONG BEACH SUP CRT 415 W OCEAN BLVD LB, CA 90802 | TRUST | 4/11/2007 | |
| | SAN FRAN USDC 450 GOLDEN GATE AE SF, CA 94102 | NO POST NEC | 4/11/2007 | |
| | GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | IND | 4/12/2007 | |
| | SAN FRAN USDC NORTHERN DIST. 450 GOLDEN GATE AVE. SF, CA 94102 | IND | 4/12/2007 | |
| | CHIEF INMATE APP. POB 942883 SAC CA 94283 | STAMPS | 4/23/2007 | |
| | SAN FRAN USDC NORTHERN DIST. 450 GOLDEN GATE AVE. 94102/HENDERSON | TRUST | 4/24/2007 | |
| | CHIEF INMATE APP. POB 942883 SAC CA 94283 | STAMP | 5/2/2007 | |
| | LA SECOND APP CRT 300 S. SPRING ST LA CA 90013 | TRUST | 5/2/2007 | |
| | MONTEREY SUP CRT 1200 AGUAJITO RD MONTEREY, CA 93440 | TRUST | 5/9/2007 | |
| | SAC ATTY GEN 1300 I ST POB 944255 SAC, CA 94244 | TRUST | 5/9/2007 | |
| | SAN FRAN USDC NORTHERN DIST. 450 GOLDEN GATE AVE. 94102 | TRUST | 5/10/2007 | |
| | MONTEREY CO SUP CRT 1200 AGUAJITO ROAD MONTEREY CA 93940 | TRUST | 5/11/2007 | |
| | SAN FRAN 450 GOLDEN GATE AE SF, CA 94101 | TRUST | 5/11/2007 | |

Wednesday, October 24, 2007



| LUCAS | E91878 | ADDRESS | TYPE OF LETTER REC'D/SENT | SENT | REC'D |
|---|---|---|---|---|---|
| | | CORCORAN STATE PRISON-MAILROOM-4001 KING AVE POB 8800 CORCORAN CA 93212 | IND | 5/17/2007 | |
| | | FSC FRESNO SUP CRT 100 VAN NESS 93724 | TRUST | 5/17/2007 | |
| | | SAN FRAN USDC NORTHERN DIST. 450 GOLDEN GATE AVE. 94102 | TRUST | 5/25/2007 | |
| | | SAN FRAN USDC 450 GOLDEN GATE AE SF, CA 94102 | NO POST NEC | 5/31/2007 | |
| | | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 | IND | 6/11/2007 | |
| | | GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | TRUST | 6/18/2007 | |
| | | LONG BEACH SUP CRT 415 W OCEAN BLVD LB, CA 90802 | TRUST | 6/18/2007 | |
| | | SAC ATTY GEN 944255 SAC, CA 94244 | TRUST | 6/18/2007 | |
| | | US ATTY GEN 950 PENNSYLVANIA AVE WASHINGTONDC 20530 | TRUST | 6/20/2007 | |
| | | US SUPREME 1 FIRST ST CRT WASHINGTON DC 20343 | TRUST | 6/20/2007 | |
| | | DIR. OF CORR. POB 942883 SACTO, CA 94283 | IND | 7/2/2007 | |
| | | SALINAS DA 240 CHURCH CA 93901 | STAMP | 7/5/2007 | |
| | | GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | TRUST | 7/6/2007 | |
| | | SAN JOSE CRT OF APP 333 WEST SANTA CLARA ST SAN JOSE CA 95113 | TRUST | 7/11/2007 | |
| | | TAXPAYERS FOR INPROVING PUBLIC SAFETY POB 255456 SAC, CA 95865 | IND | 7/11/2007 | |

Wednesday, October 24, 2007

| LUCAS | E91878 | ADDRESS | TYPE OF LETTER REC'D/SENT | SENT | REC'D |
|---|---|---|---|---|---|
| | | LA SECOND APP CRT 300 S. SPRING ST LA CA 90013 | TRUST | 7/16/2007 | |
| | | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 | IND | 7/16/2007 | |
| | | MONTEREY CO SUP CRT 240 CHURCH ST SALINAS CA 93902 | TRUST | 7/23/2007 | |
| | | SOLEDAD APPEALS CORRDINATOR CTF-C POB 689 SOLEDAD CA | IND | 7/23/2007 | |
| | | FRESNO USDC 1130 O ST FRESNO, CA 93721 | TRUST | 7/27/2007 | |
| | | GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | TRUST | 7/27/2007 | |
| | | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 | IND | 7/27/2007 | |
| | | DIR. OF CORR. POB 942883 SACTO, CA 94283 | STAMPS | 8/1/2007 | |
| | | CORCORAN APPEALS COORD. POB 8800 CORORAN, CA 93212 | IND | 8/2/2007 | |
| | | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 | STAMPS | 8/13/2007 | |
| | | TAXPAYERS FOR INPROVING PUBLIC SAFETY POB 255456 SAC, CA 95865 | IND | 8/13/2007 | |
| | | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 | METERED | 8/14/2007 | |
| | | DIR. OF CORR. POB 942883 SACTO, CA 94283 | IND | 8/16/2007 | |
| | | SOLEDAD APPEALS CORRDINATOR CTF-C POB 689 SOLEDAD CA | IND | 8/16/2007 | |
| | | DEPT OF CORR. POB 942883 SAC CA 94283-0001 | IND | 8/22/2007 | |

Wednesday, October 24, 2007

Page 3 of 5

| LUCAS E91878 ADDRESS | TYPE OF LETTER REC'D/SENT | SENT | REC'D |
|---|---|---|---|
| OMBUDSMAN PO BOX 348780 SACTO, CA 95814 | IND | 8/22/2007 | |
| GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | IND | 8/24/2007 | |
| LA SECOND APP CRT 300 S. SPRING ST LA CA 90013 | TRUST | 8/27/2007 | |
| LA SECOND APP CRT 300 S. SPRING ST LA CA 90013 | TRUST | 8/27/2007 | |
| SAC ATTY GEN 13001 ST POB 944255 SAC, CA 94224X2 | TRUST | 8/27/2007 | |
| SAN FRAN SUP CRT 450 GOLDEN GATE AVE SF, CA 94104 | IND | 9/17/2007 | |
| DIR. OF CORR. POB 942883 SACTO, CA 94283 | IND | 9/25/2007 | |
| DIR. OF CORR. POB 942883 SACTO, CA 94283 | IND | 10/3/2007 | |
| GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | IND | 10/3/2007 | |
| HANFORD SUP CRT 1426 S DRIVE CA 93230 | IND | 10/3/2007 | |
| PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 | IND | 10/3/2007 | |
| TAXPAYERS FOR INPROVING PUBLIC SAFETY POB 255456 SAC, CA 95865 | IND | 10/3/2007 | |
| SAN FRAN SUP CRT 350 MCALLISTER ST CA 91402 | TRUST | 10/5/2007 | |
| GOV CLAIM BOARD POB 3035 SAC CA 95812-3035 | STAMP | 10/9/2007 | |
| SAN FRAN SUP CRT 350 MCALLISTER ST CA 91402 | IND | 10/16/2007 | |

Wednesday, October 24, 2007

| LUCAS | E91878 | ADDRESS | TYPE OF LETTER REC'D/SENT | SENT | REC'D |
|---|---|---|---|---|---|
| | | SAN FRAN SUP CRT 350 MCALLISTER ST CA 91402 | TRUST | 10/16/2007 | |
| | | HANFORD SUP CRT 1426 S DRIVE CA 93230 | TRUST | 10/22/2007 | |
| | | DEPT OF CORR 1515 S ST  SAC CA 95814 | IND | 10/23/2007 | |
| | | ROSEN, BIEN & ASARO 155 MONTGOMERY ST FLR 8 SF CA 94104 | IND | 10/23/2007 | |
| | | UNIVERSITY OF CA SCHOOL OF LAW 400 MRAK HALL DR DAVIS CA | IND | 10/23/2007 | |

Wednesday, October 24, 2007

# PLEASANT VALLEY STATE PRISON
## CONFIDENTIAL/LEGAL MAIL LOG

## INCOMING HISTORY

| E91878 | LUCAS | HSNG | SENDER | DATE | C/O SIGN | I/M SIGN |
|---|---|---|---|---|---|---|
| | | B4 108L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 4/17/2007 | | |
| | | B4 108L | CENTER FOR CONSTITUTIONAL RIGHTS 666 BROADWAY NY, NY 10012 | 4/17/2007 | | |
| | | B4 108L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 4/17/2007 | | |
| | | B4 108L | SAN FRAN USDC NORTHERN DIST OF CA 450 GOLDEN GATE AVE SF, CA 94 102 | 4/17/2007 | | |
| | | B4 108L | LA USDC CENT DIST US CRTHOUSE 90012 | 4/18/2007 | | |
| | | B4 108L | MONTEREY SUP CRT 1200 AGUAJITO RD MONTEREY, CA 93940 | 4/18/2007 | | |
| | | B4 108 | NO FUNDS POSTAGE REQUIRED FOR CONFIDENTIAL CORRESPONCE (DOC) | 4/20/2007 | | |
| | | B4 108L | SAN FRAN USDC NORTHERN DIST OF CA 450 GOLDEN GATE AVE SF, CA 94 102 | 4/23/2007 | | |
| | | B4 108 | RTN FROM MAILROOM CO SIG. REQUIRED(USDC) | 4/26/2007 | | |
| | | B4 108 | OAKLAND USDC 1301 CLAY 94612 | 4/27/2007 | | |
| | | B4 108L | GOV CLAIMS PO BOX 3035 SACR, CA 95812 | 5/1/2007 | | |
| | | B4 136L | LA CRT OF APP 300 S SPRING ST LA CA 90013 | 5/11/2007 | | |

*PRINT NAME OF STAFF ISSUING MAIL* _____



| E91878 | LUCAS | HSNG | SENDER | DATE | C/O SIGN | I/M SIGN |
|---|---|---|---|---|---|---|
| | | B4 136L | SALINAS SUP CRT 240 CHURCH SALINAS CA 93901 | 5/18/2007 | | |
| | | B4 136L | SAN FRAN USDC 450 GOLDEN GATE AVE CA 94102 | 5/18/2007 | | |
| | | B4 136L | LA USDC LA, CA 90012X2 | 5/25/2007 | | |
| | | B4 136L | SAN FRAN USDC 450 GOLDEN GATE AVE CA 94102 | 5/29/2007 | | |
| | | B4 136L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 6/4/2007 | | |
| | | B4 136L | OAKLAND USDC 1301 CLAY 94612 | 6/5/2007 | | |
| | | B4 136L | FSC FRESNO SUP CRT 1100 VAN NESS FRESNO, CA. 93724 | 6/20/2007 | | |
| | | B4 136L | OAKLAND USDC 1301 CLAY 94612 | 6/20/2007 | | |
| | | B4 136L | CENTER FOR CONSTITUTIONAL RIGHTS 666 BROADWAY NY,NY 10012 | 6/22/2007 | | |
| | | B4 129 | ROSEN, BIEN & GALVAN 315 MONTGOMERY ST., SF CA 94104 | 6/28/2007 | | |
| | | B4 129L | GOV CLAIMS PO BOX 3035 SACR, CA 95812 | 6/28/2007 | | |
| | | B4 129L | US SUPREME CRT WASHINGTON, DC 20543 | 7/3/2007 | | |
| | | B4 129L | SALINAS SUP CRT 240 CHURCH  SALINAS CA 93901 | 7/3/2007 | | |
| | | B4 129L | NO FUNDS ADD. POSTAGE REQUIRED FOR CONFIDENTIAL CORRESPONCE - DA | 7/3/2007 | | |
| | | B4 129L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 7/3/2007 | | |

*PRINT NAME OF STAFF ISSUING MAIL* _____

| E91878 | LUCAS | HSNG | SENDER | DATE | C/O SIGN | I/M SIGN |
|--------|-------|------|--------|------|----------|----------|
| | | B4 129L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 7/6/2007 | | |
| | | B4 129L | TAXPAYERS FOE IMPROVING PUBLIC SAFETY POB 25456 SAC, CA 95814 | 7/9/2007 | | |
| | | B4 129L | LONG BEACH SUP CRT 415 W OCEAN BLVD LB, CA 90802 | 7/10/2007 | | |
| | | B4 129L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 7/17/2007 | | |
| | | B4 129L | FRESNO USDC EASTERN DISTRICT OF CA FRESNO,C A 93721 | 7/18/2007 | | |
| | | B4 129L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 7/24/2007 | | |
| | | B4 129L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 7/25/2007 | | |
| | | B4 129L | SUPERIOR COURT OF CA, COUNTY OF MONTEREY | 8/1/2007 | | |
| | | B4 129 | LA CRT OF APPEALS 300 S. SPRING ST. LA, CA 90013 | 8/6/2007 | | |
| | | B4 129L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 8/8/2007 | | |
| | | B4 129L | SAC USDC EASTERN DISTRICT 501 I ST. SAC, CA 95814 | 8/10/2007 | | |
| | | B4 129L | GOV CLAIMS PO BOX 3035 SACR, CA 95812 | 8/10/2007 | | |
| | | B4 129L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 8/16/2007 | | |
| | | B4 129L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 8/28/2007 | | |
| | | B4 129L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 8/29/2007 | | |

*PRINT NAME OF STAFF ISSUING MAIL* _____

| E91878 | LUCAS | HSNG | SENDER | DATE | C/O SIGN | I/M SIGN |
|---|---|---|---|---|---|---|
| | | D4 132L | TAXPAYERS FOE IMPROVING PUBLIC SAFETY POB 255456 SAC, CA 95814 | 9/5/2007 | | |
| | | D4 132L | DEPT OF CORR  POB 942883 SAC CA 94283-0001 | 9/7/2007 | | |
| | | D4 132L | LA CRT OF APPEALS 300 S. SPRING ST. LA, CA 90013 | 9/11/2007 | | |
| | | D4 132L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 9/11/2007 | | |
| | | D4 132L | FRESNO USDC EASTERN DISTRICT OF CA FRESNO,CA 93721 | 9/12/2007 | | |
| | | B2 248L | NO FUNDS ADD. POSTAGE REQUIRED FOR CONFIDENTIAL CORRESPONCE - DOC | 9/24/2007 | | |
| | | B2 248L | SAN FRAN USDC NORTHERN DISTRICT 450 GOLDEN GATE AVE. SF, CA 94102 | 9/25/2007 | | |
| | | B2 248L | SALINAS SUP CRT 240 CHURCH  SALINAS CA 93901 | 9/25/2007 | | |
| | | B2 248L | SAN JOSE CRT OF APP 333 W. SANTA CLARA 95113 | 9/27/2007 | | |
| | | B2 248L | RTN FROM MAILROOM NOT CONSIDERED LEGAL/CONFIDENTIAL(FAMILY AGAINST 3 STRIKES) | 10/3/2007 | | |
| | | B2 248L | VICTIM COMPENATION & GOV CLAIMS BOARD POB 3036 SAC, CA 95812 | 10/5/2007 | | |
| | | B2 133L | HANFORD SUP CRT 1426 S DR CA 93230 | 10/11/2007 | | |
| | | B2 133L | SAN FRAN ATTY GEN 455 GOLDEN GATE AVE CA 94102 | 10/12/2007 | | |
| | | B2 133L | SAN FRAN ATTY GEN 455 GOLDEN GATE AVE CA 94102 | 10/16/2007 | | |
| | | B2 133L | LONG BEACH SUP CRT 415 W OCEAN BLVD LB, CA 90802 | 10/17/2007 | | |

*PRINT NAME OF STAFF ISSUING MAIL* _____

| E91878 | LUCAS | HSNG | SENDER | DATE | C/O SIGN | I/M SIGN |
|--------|-------|------|--------|------|----------|----------|
| | | | SAN FRAN SUP CRT 350 MCALLISTER CA 94102 | 10/18/2007 | | |
| | | B2 133L | PLO GENERAL DELIVERY, SAN QUENTIN, CA. 94964 (PRISON LAW OFFICE) | 10/22/2007 | | |
| | | B2 133L | SAN FRAN SUP CRT 350 MCALLISTER CA 94102 | 10/23/2007 | | |
| | | B2 133L | SAN FRAN ATTY GEN 455 GOLDEN GATE AVE CA 94102 | 10/23/2007 | | |

*PRINT NAME OF STAFF ISSUING MAIL* _____

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                    PAGE _2_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E91878 | LUCAS, JR., I. | III-07-06-01 | CTF-C | 9/30/2006 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHE _____ |

(DEFENDANT'S STATEMENT CONTINUED:)
Inmate LUCAS then stated, "That Correctional Officer Lavelle put her hand on him to put him back into the cell. He stated, "That he told her not to touch him and then he slammed the cell door closed." At this point Inmate LUCAS said Correctional Officer Lavelle pressed her alarm. Inmate LUCAS stated, "That he never touched much less pushed, Correctional Officer Lavelle". Correctional Officer Lavelle then ordered Inmate LUCAS to place his hands on the wall which he did. He also stated that, "Correctional Officer Lavelle placed one of his hands in cuffs and when Correctional Officer Childers responded he placed his other hand in restraints". Another officer escorted Inmate LUCAS to the holding cell. It was during this escort that Inmate LUCAS heard on the officer's radio that an assault on staff had occurred. Inmate LUCAS stated that, "He could not believe what he had heard on the radio." This concludes my interview of Inmate LUCAS, E-91878.

(REPORTING EMPLOYEE'S STATEMENT:) I interviewed Correctional Officer G. Lavelle on 9/28/06. Correctional Officer G. Lavelle told me that on the date of the incident Central Facility was on Modified Program and had just completed the cell feeding process in D-Wing. Officer G. Lavelle, was collecting garbage from the third (3rd) tier East Side, when she got to DW-307, she opened the cell door to collect the trash, Inmate LUCAS started putting his property out on the tier. Correctional Officer G. Lavelle told LUCAS to step back inside his cell. He refused to do so. She gave him a direct order to do so and at that time, Inmate LUCAS shoved Correctional Officer Lavelle to move her out of the way. She pressed her alarm and ordered Inmate LUCAS to put his hands on the wall, which he did. Correctional Officer J. Childers responded from the tier and placed Inmate LUCAS in handcuffs. Responding staff arrived and Correctional Sergeant M. Dyer, the Unit III Sergeant, asked Officer G. Lavelle if she had any injuries. She said, she did not. After Inmate LUCAS had been escorted from the wing, Sergeant M. Dyer instructed Officer G. Lavelle to report medical for evaluation. Officer G. Lavelle was found fit to return to duty and did so the same watch. Officer G. Lavelle was not involved in the escorting of Inmate LUCAS to the holding cell. This concluded my interview of Correctional Officer G. Lavelle.

(STAFF WITNESS STATEMENT:) Correctional Officer J. Childers, D-Wing Tier Officer, was interviewed by me on 9/28/06. He stated that, "On the date of he incident Correctional Officer G. Lavelle and him were picking up trash on the third (3rd) tier, when Officer G. Lavelle opened cell DW-307, Inmate LUCAS began putting his property on the tier. Officer J. Childers heard Officer G. Lavelle say, "what are you doing", to Inmate LUCAS. Inmate LUCAS started telling Officer G. Lavelle that he wasn't living there anymore. Officer G. Lavelle then ordered Inmate LUCAS into his cell. Inmate LUCAS then slammed the door shut. Officer J. Childers stated, "That Inmate LUCAS turned towards Officer G. Lavelle and pushed her in the chest. Officer G. Lavelle activated her alarm and Officer J. Childers responded to DW-307, and placed Inmate LUCAS in restraints. This concludes my interview of Correctional Officer J. Childers.

(STAFF WITNESS STATEMENT:) Correctional Sergeant M. Dyer, Unit III Program Sergeant, was interviewed by me on 9/28/06. Sergeant M Dyer told me that as Unit III Sergeant, he responded to D-Wing for the alarm. Upon arriving, Sergeant M. Dyer told me that Correctional Officer G. Lavelle, and Correctional Officer, J. Childers were on the third (3rd) tier East Side. Officer J. Childers was placing Inmate LUCAS in handcuffs as he Sergeant M. Dyer arrived. Sergeant M. Dyer asked Officer G. Lavelle if she needed medical attention and she responded no. After ensuring the area was secured, Sergeant M. Dyer instructed Officer G. Lavelle to report to medical for evaluation. Sergeant M. Dyer did not assist in either the restraining of Inmate LUCAS or his escort to Center Corridor Holding Cell. Sergeant M. Dyer also reset D-Wing alarm system after the alarm was cleared. (STATEMENT CONTINIUE ON NEXT PAGE).

(I.E. REPORT CONTINUED ON ATTACHED CDC 115-C)

| | | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|---|
| | | M.R. KNEDLER, Correctional Officer | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

RT

CDC 115-C (5/95)

Ex. B
(Statements of)Witnesses,

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE _3_ OF _3_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E91878 | LUCAS, JR., I. | III-07-06-01 | CTF-C | 9/30/2006 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHE |
|---|---|---|---|---|---|

(STAFF WITNESS STATEMENT CONTINUED:)
At about 1145 hours, on the date of the incident, Sergeant M. Dyer went to the Center Corridor Holding Cell and advised Inmate LUCAS of his Miranda Rights.  Inmate LUCAS signed the Miranda Rights acknowledging it in the presence of Sergeant M. Dyer.  Correctional Officer R. Haun witnesses the signing. This concluded my interview of Correctional Sergeant M. Dyer.

(INMATE WITNESS STATEMENT:)  I interviewed Inmate BOYD, K-51712, DW-307L, on 9/28/06.  Inmate BOYD stated that, "LUCAS has told him that he was going to put his property out on the tier because he wasn't going to live there any longer (in cell D-307)."  After Inmate LUCAS had put his property on the tier LUCAS slammed the cell door closed.  Inmate BYOD could not see what happened next but sated, "That he does not believe Inmate LUCAS pushed Correctional Officer Lavelle."  This concluded my interview of Inmate BOYD, K-51712.

(INMATE WITNESS STATEMENT:)  I interviewed Inmate HENSLEY, D-91834, DW-301AL, on 9/28/06.  Inmate HENSLEY stated, "That on the day of the incident he was sweeping the third (3rd) tier East Side when he saw Inmate LUCAS put his property on the tier."  Correctional Officer Lavelle asked LUCAS what he was doing and he responded that he wasn't going to live in there anymore.  Correctional Officer Lavelle ordered him back into the cell and put her hands out as if to put him back into his cell.  Inmate LUCAS slammed the door closed.  Coorectional Officer Lavelle then pressed her alarm.  Inmate HENSLEY stated, "That he never saw Inmate LUCAS push Correctional Officer Lavelle and further stated, the entire incident could have avoided by Officer Lavelle directing LUCAS to a dayroom table and addressing the problem there."  Inmate HENSLEY also stated, "That Inmate LUCAS was very polite during the incident, asking Correctional Officer Lavelle to ""please don't put your hands on me."  This concluded my interview of Inmate HENSLEY, D-91834.

(INMATE WITNESS STATEMENT:)  I interviewed Inmate MORROW, E-52327, DW-336U, on 9/28/06.  He stated, "That he was lying on his bunk and did not see anything.  Inmate MORROW also stated, "That his former cellmate Inmate GIBBS, K-75976, may have seen the incident."  Inmate GIBBS transferred to Corcoran on 9/7/06.  This concluded my interveiw with Inmate MORROW, E-52327.

(INVESTIGATIVE EMPLOYEE STATEMENT:)  Additional information not contained in your report that may assist the Senior Hearing Officer in this matter.  This investigative officer does have knowledge of Inmate LUCAS (E-91878, and his housing issues.  I also recall Inmate LUCAS telling me that one way or the another he was going to get a lower bunk.  This conversation occurred while Inmate LUCAS was housed in C-Wing where this offficer is assigned.

Interview concluded.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | M.R. KNEDLER, Correctional Officer | | |
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

CDC 115-C (5/95)

RT

Ex. B #2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM

CDC 602 (12/87)

Location: Institution/Parole Region _____ No. _____ Category _____

1. _____      1. _____

2. _____      2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Lucas Isiah | E-91878 | Unassigned | X 232 |

A. Describe Problem: On 7/8/06, after suffering much agony/pain/discomfort -- for approx. four months of being assigned a Top Bunk (when I have a chrono for lower bunk). I could no longer endure it, so after breakfast I packed up all my personal property and placed in front of the door so that when it opened for trash to be placed out (we were on Lock Down Status) I was Rolling Myself Up and refusing placement on a Top Bunk. So, at approx. 0850, C/O Lavelle opened the door and as she done so-I stepped out w/a box in hand and placed it against the wall -- and reached in grabbing the other boxes all while C/O Lavelle asking me what I was doing -- which

If you need more space, attach one additional sheet. I told her that I was moving out and wouldn't (See Attach

B. Action Requested: That all stated in Sec A of this appeal, be enacted into that of Citizen's Complaint for both the following Correctional Officers. C/O Lavelle; and; C/O Childers. and so in compliance to CCR Art 2 3391 (b) and P.C. Sec. 832.5. And on 1/4 Noted also falsified report.

Inmate/Parolee Signature: _____     Date Submitted: July 21, 06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED

AUG 3 1 2006     SEP 2 0 2006     RECEIVED

JUL 2 5

CTF APPEALS

Ex. #1     Ex. 1 thru 9     603

1  Staying (No longer living) in 307. She cont. to tell me to go back in and I
2  ignored her and as I reached in to grab my T.V. She physically tried to push me in
   the cell. I turned around and said," Please, do-not touch me ". I then turned
3  and grabbed my T.V. and Radio, and then the other box and bags. Upon completion I
   slammed the door shut and turned and faced C/O Lavelle, and she then activated
4  her alarm, where I stood there and watched/waited until C/O Childers Around
   nigh and when he did -- C/O Lavelle told me to faced the wall and placed one
5  cuff on me, and then C/O Childers placed the other one on me. I was then
6  escorted out of the wing and down the corridor, and going down the corridor
   a transmission came across the C/O's radio saying "Assault on Staff". I
7  was taken to MTA's facility and examined, then placed in a cage for over 5 hours, the
   cage was about 2½ ft by 2½ ft and approx 6ft 6in in height... On 7/08/06, I was
8  given the "Administration Segregation Unit Placement Notice CDC 114-D" and on 7/12/06
9  (the day before a scheduled hearing) I received the "Incident Packet" whereas C/O Lavelle
   drafted it up the report that is not forth-coming. and, theres anomalies from the
10 first/initial one.

### PART (1)
(A)

11 C/O Lavelle, failed to mention in her report that she physically tried
12 to push me into the cell.

(B)

13 C/O Lavelle, lied, stating that on the initial report (7/8/06) that I pushed
14 her trying to get out of the cell. Then on her drafted report (that I re-
   ceived on 7/12/06), she lied, stating that I slammed the door shut and
15 pushed her in the upper chest with both hands in an effort to get her
16 out of the way. (Once I got out of the cell, my objective was
   achieved. How was she in my way? She was not, I was out of
17 the cell and thats what I wanted to do, be out of the cell!)

(C)

18 C/O Lavelle, left out the part where she tried to push me into the
19 cell, which is Material Evidence (and misconduct).

(D)

20 C/O Lavelle, is in violation of CCR 3270 (Gen. Policy, Security), when
21 it states "Each Employee must be trained to understand physical facilities,
   degree of custody classification, personnel, and operative procedures
22 affect the maintence of inmate custody and security." (First of all, all
   C/O Lavelle had to do was call her Superior Officer -- and let them escort
23 me to adseg., or, assign me to a bottom bunk. Secondly, I told her what
24 I was doing and it posed no threat to anyone and/or institutional
   security. Finally, she had no right/reason to touch me by trying to push
25 into the cell.)

(E)

26 C/O Lavelle, is in violation of CCR 3300 (Prevention of Disorder), as
   all she had to do was call her Superior Office and let them handle the
27 situation. Instead she caused a disorder by attempting to push me back into
   the cell, and also by activating her alarm when there was no threat, and then
28 she lies about me pushing her.

Continue on Other Side

#15
2of2

(F)

C/O Lavelle, engaged into Employee Mis conduct (in contrast to CCR 3391 (a) (Employee Conduct) when she put her hand on in an attempt to push me back into the cell and then make no mention of such in her report and/or to her Superior Officer(s) and then by fabricating that I pushed her in the upper chest- when in fact I touched her not. Also by Falsifying her report.

PART (2)

(A)

C/O Childers, he violated the Employee Conduct CCR 3391 when he lied in his report stating that he saw me push C/O Lavelle and heard what was being said, esp. when the only point of contact with C/O Lavelle and inmate Lucas came when #1 She tried to push me into the cell, and, #2) when she initiated placing the hand-cuffs on me. Also, the falsifying of the Report that he submitted, is unethical and is that of Mis Conduct.

//

//

//

//

Dated @ July 21, 2006.     Signed by: _____

Mr. Isiah Lucas Jr.
Submitting under the
Penalty of Perjury.

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*July 25, 2006*

**LUCAS, JR., E91878**
*CFXWT2000000232L*

Log Number: CTF-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*Your appeals is missing: CDC 7219; CDC 114D*
*Comments: You make allegations of staff mis-use of force but fail to provide supporting documentation such as CDC 115 charge and medical report.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

Fr:
1  Isiah Lucas Jr., E-51878
2  P.O. Box 689    X-232
   Soledad, Ca.   93960
3  To:
   Appeals Cordinator
4  Attn: P.G. Dennis
5  P.O. Box 689
6  Soledad, Ca.   93960
7          Re: Responding to Screening at the INFOMAL Level...
8
9  Appeals Cordinator's Office Attn: P.G. Dennis,
10       Sir, or Ma'am, I'm responding to the CDC 695, dated @ 7/25/06.
11 I do feel that clarification need be made before going forth. You state
12 " You (I) make allegations of staff mis-use of force but fail to pro-
13 vide supporting documentation such as CDC 115 charge and medical
14 report ".

15               <u>CLARIFICATION</u>

16
17     The Allegations/Claim I'm stating has nothing to solely do
18 with mis-use of force and the followings are claimed therein the 602/
19 citizen's complaint :
20               #1) C/O Lavelle, physically tried (her hand actually was
21                    on me) to push me back into the cell.
22               #2) Even though she tried to push me (hand actually on
23                    me) she fail to mention such in her report.
24               #3) C/O Lavell, lied about me pushing her in the upper
25                    chest, fore I touch her not at all !
26               #4) C/O Childers, lied when he stated he saw me push
27                    C/O Lavelle, again -- I never touched her at all!
           Now, complying -- submitting CDC 7219's and, CDC 114D, w/ Encident Report.
   Dated @ July 27, 06...          signed by: Isiah Lucas Jr...
   (15 pages included)                        Isiah Lucas Jr., Inmate.

Exhibit
#4:

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*August 18, 2006*

**REVIEWED BY THE
HIRING AUTHORITY**

**LUCAS, JR., E91878**
*CFXWT2000000232L*

Log Number: CTF-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You are appealing an action or decision that has not yet occurred.  Such issues are not appealable until they happen. (CCR 3084.3(c)(3)).*

*Comments: Appealing a disciplinary action not completed.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d).  This screening decision may not be appealed.  If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents.  You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

1  Isiah Lucas Jr.
2  E-91878 @ CTF
   P.O. Box 686
3  Soledad, Ca.  93960

4            Appeals Coordinator @ CTF
5            Attn: J. Aboytes

6

7  RE: 602 for Citizen's Complaint, CCR 3391(b);
8       P.C. Sec. § 832.5, (Inre to "Second" Screening)

9

10  Dear J. Aboytes,

11

12  Humbly, allow me to clarify this matter. I "am not" appeal-
13  a disciplinary inre to this matter at hand and know of my
14  status to my disciplinary actions. What "I am" initiating
15  an Citizen's Complaint in compliance to CCR 3391 (a)(d), and
16  for the following reason[s] (which is also stated in the Attached/
17  Submitted 602 dated @ July 21,06):

18            A) C/O Lavelle, did place her hand[s] on me
19                in trying to push me back into the cell;
20            B) C/O Lavelle, fails to mention in her report
21                that she physically tried to push me into the cell;
22            c) C/O Childers, falsified his report along with
23                c/o Lavelle -- as I "did not" push C/O Lavelle
24                as they both stated on the report.

25  The aforementioned -- is governed under CCR 3391 (Irresponsible or
26  unethical conduct or conduct reflecting discredit on themselves or
    the department, either on or off duty, shall be avoided by all employees)
    and for C/O Lavelle to blatantly state/declare that I pushed

    [pg #1 of 2 w/resubmitting 602]

her is **Misconduct**, and for both C/O Lavelle and C/O Childers to place such in a report (when it did not happen), false mattered -- is **Misconduct**. Not only did I have no reason to push C/O Lavelle -- I neither acted in such manner.

Now, your officers were wrong in both lying and falsifying reports, and such has nothing to do with with my pending disiplinary actions, but surely if it wasn't for their misconduct -- I would not be wrongfully awaiting the pending charges. Because of their "misconduct" is my reason for exercising my right to involk a Citizen's Complaint incompliance to CCR 3391 (d). This may be an isolated incident, or it may be commonly praticed, either way such (at lease) should be documented in the interest of justice.

## INCLOSING

Respectfully, somehow theres a wrong reading to that which is being requested, and it seems as if I'm trying to get screened-out. On 7/21/06, I initiated my 602 requesting a citizen's complaint. On 7/27/06, I received a screening commenting on "alleations of Staff Mis-Use of force" which I never cited. And now on 8/23/06, I receive another screening commenting that I'm appealing a disiplinary action not completed, which I'm not! Staff was wrong, and humbly I ask for a Citizen's Complaint!

Dated @ August 24, 2006...    Signed by _[signature]_

Submitting on August 29, 2006...    Respectfully Submitting...
2ⁿᵈ [ pg# 2 of 2 w/ resubmitting 602 ]

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

# REVIEWED BY THE HIRING AUTHORITY

RE: Screening at the INFORMAL Level

*September 13, 2006*

**LUCAS, JR., E91878**
**CFXWT2000000232L**

Log Number: CTF-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

 *Your complaint has been received by acting Warden W. Cohen and determined your appeal to be processed as a Disciplinary Appeal. In the event that you are found guilty of charges.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

#7

---

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

1  Isiah Lucas Jr.
   E-91878 @ X-238
2  P.O. Box 689
   Soledad, Ca.  93960

3

4                To: Appeals Coordinator@CTF Central
5                    Highway 101 North
                     P.O. Box 689
6                    Soledad, Ca.  93960

7  Re: Screen-Out, Staff Misconduct
       (C/O Lavelle & C/O Childers) dated Sept. 13, 2006...

8

9  In response to the Screen-Out dated Sept. 13, 2006, it States:
10      "Your complaint has been received by Acting Warden
         W. Cohen and determined your appeal to be processed
         as a disciplinary appeal. In the event you are found
11       guilty of charges."
12 Respectfully, again-- I'm not appealing my "Disciplinary" matter! That will
   be done if such is need. To appeal a Disciplinary decision now is impossible
13 being that no final disposition has been ruled on. Only when a ruling on that
   is rendered can I act.
14     The matter I have interest in and a U.S Constitutional right to is to
15 file a Staff Misconduct Appeal as Due Process has been violated by staff
   members -- acting "Under Color of State Law". Inmates have a "Liberty Interest"
16 when the prison's actions interfer with or violates ones constitutional protected rights.

17     #1) C/O Lavelle, inflicted contact when she attempted to push me back
           into the cells but fail to mention that in any of her reports;
18     #2) C/O Lavelle, lied and fosifird the matter (via verbal & reports) as
           never did I touch her less long push her as she stated;
19     #3) C/O Childers (a C/O I admired in his performance) lied when he stated
           he saw me push her, as never did I touch C/O Lovelle.
20 Due to the aforementioned, I'm suffering adverse affects by wrongfully being placed in
   adseg., due to "Misconduct of Staff".
21     STAFF MISCONDUCT, if inmate want to file an appeal complaining about
22 misconduct by a prison guard, inmate must fill out and attach to the 602 form
   a "Rights and Responsibilities Statement" (CDC Form 1858). When I sign the form I must
23 state that I am aware that it is against the law to knowingly file a false complaint against
   a peace officer. (See Penal Code §118.6 and 15 CCR §3084.1 (e)).
24     I came out the cell with all my property, and "was not" going back in as I have a
   Medical Chrono for a bottom bunk-- and was trying for four (4) months to have Staff assign me
25 to a lower bunk. I then took to await higher authority (Sgt. ect.) came converse w/me
   about the matter and place me in X-wing until a resolve could evolve. I pushed no one, and
 6 for such to needlessly be implied is false and perjurous a Staff Misconduct. Therefore
   one should be filed (though I rather not) and should be to record this document the
 7 matter if nothing else, and so in the interest of justice. So I exercise the right,
   and do so respectfully and honestly...

 8 Dated @ September 18, 2006...   Signed by: _____

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*September 21, 2006*

*LUCAS, JR., E91878*
*CFXWT2000000238L*

Log Number: CTF-C-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*Comments: Final copy of CDC-115. A copy of this appeal is on file.*

J. Aboytes / P. G. Dennis
Appeals Coordinators
Correctional Training Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA —DEPARTMENT        ,ORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 6, 2006

LUCAS, CDC #E-91878
Correctional Training Facility
P.O. Box 686
Soledad, CA  93960

Re:

Dear Mr. LUCAS:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.  Only the original appeal form is accepted at the Director's Level of Review.  If you do not have the original appeal, see your Appeals Coordinator for a replacement copy.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

*Received on Dec 10/06*

*Ex. C/1*

---

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Ex. C/1 thru C/3

State of California                                    California Department of Corrections and Rehabilitation

# Memorandum

Date    :    October 20, 2006

To      :    Appeals Coordinator

Subject:    **INMATE CORRESPONDENCE**

The attached inmate correspondence was received in the Office of Internal Affairs – Headquarters.  After careful of the inmate letters, it has been determined that the issues raised should be addressed via the CDC 602 process, and should be handled at the institutional level.

We are therefore returning the inmate letters to the institutional appeal coordinator so the letters can be returned to the inmates with instructions to follow the proper CDC 602 process.

*Original signed by*

William Wells
Special Agent
Office of Internal Affairs

X-238/L
1/M L u CAS
E-91878

RECEIVED

NOV 1 2006

CTF APPEALS

EX. C12

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

July 10, 2006

Isiah Lucas, Jr., E-91878
Correctional Training Facility
P. O. Box 686
Soledad, CA  93960

Dear Mr. Lucas:

The Office of the Inspector General has received your correspondence.

After reviewing your correspondence, we determined that the issues you raise could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

The Office of the Inspector General considers this matter closed. Thank you for bringing your concerns to our attention.

Sincerely,

ELIZABETH HAWKINS
Deputy Inspector General

EH:vh:06-0009061-01



State of California

Department of Corrections and Rehabilitation

# Memorandum

Date    :    September 18, 2006

To    :    Mr. Isiah Lucas Jr, E-91878
X-232
P O Box 689
Soledad, CA 93960

Subject:    **STAFF COMPLIANT**

Hello Mr. Lucas, I am the Ombudsman for CTF and I am returning this information. The staff compliant issue must be addressed timely through the administrative grievance process (CDC Appeal Form 602) that is established to protect your rights and document facts of your grievance. The Office of the Ombudsman does not intercede in the grievance process until you have exhausted the administrative grievance process through Third Level (Director's Level). You did not indicate in your letter that you filed a 602 on this issue and given the date (July 8, 2006) of the incident it appears that you have exceeded the timeframe for the Appeals Coordinator to accept this issue as an appeal. Therefore, there is little assistance that I can provide you.

Should you have any further information regarding this matter, feel free to contact me.

Matthew Thomas
Ombudsman

EX C13
[2 of 2]

CDC

Your responsibility When Using this Excerpt from The California State Prisoners Handbook: When we wrote this Informational Material we did our best to give you useful and accurate information because we know that prisoners often have difficulty obtaining legal information and we cannot provide specific advice to all the prisoners who request it. The laws change frequently and are subject to differing interpretations. We do not always have the resources to make changes to this material every time the law changes. If you want legal advice backed by a guarantee, try to hire a lawyer to address your specific problem. If you use this information, it is your responsibility to make sure that the law has not changed and is applicable to your situation. Most of the materials you need should be available in your institution law library.

# THE
# CALIFORNIA STATE
# PRISONERS HANDBOOK

## A COMPREHENSIVE PRACTICE GUIDE
## TO PRISON & PAROLE LAW

BY
STEVEN FAMA, HEATHER MACKAY, JAMES F. SMITH, MICHAEL R. SNEDEKER
&
THE PRISON LAW OFFICE

THIRD EDITION: 2001
SECOND EDITION: 1990
FIRST EDITION: 1982

Copyright © 2001 by the Prison Law Office, James F. Smith and Michael Snedeker
Published by the Prison Law Office

Ex. D 1 of 5

Ex. D

## *How to Order*

# The California State Prisoners Handbook, Third Edition & 2006 Supplement

### *by Fama, MacKay, Smith, Snedeker & The Prison Law Office*

■ If you are paying by credit card, you can place your order by calling Rayve Productions toll-free at (800) 852-4890 or by faxing this completed form to Rayve Productions at (707) 838-2220.

■ If you are paying by credit card, check or trust account money order, you can place your order by mailing this completed form to: **Rayve Productions, PO Box 726, Windsor, CA 95492**

**Please note:** We are offering this book to prisoners and parolees at a special subsidized price. If you are NOT a prisoner or parolee (or are not purchasing the book for shipping directly to a prisoner), you must pay the regular price. Please call to ask about discounts for large orders.

| | |
|---|---|
| I am a prisoner or parolee (or I am purchasing this book for shipping directly to a prisoner).<br><br>Please send _____ copies of the *California State Prisoners Handbook* PLUS the 2006 Supplement. I am enclosing $40.00 for each set (which includes California sales tax, shipping and handling).<br><br>OR<br><br>Please send _____ copies of the 2006 Supplement ONLY. I am enclosing $15.00 for each supplement (which includes California sales tax, shipping and handling). | I am not a prisoner.<br><br>Please send _____ copies of the *California State Prisoners Handbook* PLUS the 2006 Supplement. I am enclosing $182.00 to cover the cost of each set (which includes California sales tax, shipping and handling).<br><br>OR<br><br>Please send _____ copies of the 2006 Supplement ONLY. I am enclosing $50.00 to cover the cost of each supplement (which includes California sales tax, shipping and handling). |

**SHIP TO:**

Name _____ CDC # _____ (if prisoner or parolee)

Address _____

City _____ State _____ Zip Code _____

Phone Number ( _____ ) _____

☐ Check or money order payable to Rayve Productions enclosed in the amount of $_____

☐ Charge my credit card in the amount of $ _____. Name on card_____

Credit Card type: (circle one) Visa/Mastercard/Am Ex/Discover. Expiration date: _____

Credit card number: _____

PRISON LAW OFFICE – For over twenty years, the non-profit Prison Law Office has been at the forefront of efforts to enforce the Constitution and other laws inside the walls of California's prisons. The Office's successful work on both individual and class action lawsuits has set the standard for prison conditions litigation. Through the California State Prisoners Handbook, James F. Smith, Michael R. Snedeker and the Prison Law Office attorneys share their extensive knowledge of the multi-faceted ~~~~~ of prison and parole law.

to the hearing by using BPT Form 1074. Copies of BPT Forms 1073 and 1074 are attached as Appendix 1-E.[186]

## 1.27 Citizen's Complaints (Employee Misconduct Appeals)

State law requires the CDC to establish procedures to investigate "citizen's complaints" against peace officers, including all prison guards.[187] A citizen's complaint is a special kind of administrative remedy that is available to prisoners and anyone else who has contact with prison officials.

Prisoners use the CDC administrative appeal process to pursue a citizen's complaint against a CDC employee.[188] The regular CDC 602 procedures apply to these citizen's complaints, but with a few exceptions.[189] First, the 15 day time limit for the initial filing of the appeal does not apply. Instead, there is a one year time limit for filing appeals regarding employee misconduct.[190] Second, there is no need for the prisoner to seek informal review before filing the appeal to the first formal level.[191] In addition, the first level may also be bypassed if the reviewing authority feels a formal investigation is merited.[192] Third, an appeal alleging misconduct by a departmental peace officer must be accompanied by a signed Rights and Responsibilities Statement, CDC Form 1858 (Appendix 1-F). The regulations state that if this form is not submitted with the 602, the appeal will be rejected.[193] However, the CDC Director has directed staff to process appeals that are submitted without the 1858 form, so long as the prisoner agrees to sign the statement at the time of the appeal interview.[194]

The Rights and Responsibilities Statement ensures the prisoner understands that it is against the law to knowingly file a false complaint against a peace officer.[195] An inmate caught filing a knowingly false complaint may be issued a serious disciplinary rule violation in addition to being prosecuted for a misdemeanor.[196]

---

[186] Ibid.

[187] Penal Code § 832.5(a).

[188] DOM § 54100.25.1.

[189] Because of the special rules for handling staff misconduct complaints, prisoners should be careful to file separate appeals for staff misconduct and other complaints. For example, a prisoner should not combine an appeal of a disciplinary finding of guilt for assault on staff with a complaint that it was actually the officer who assaulted the prisoner. CDC Admin. Bulletin 98/10.

[190] DOM § 3391(b).

[191] 15 CCR § 3084.5(a)(3)(G)

[192] CDC Admin. Bulletin 98/10.

[193] 15 CCR §§ 3084.1(e) and 3391(d).

[194] CDC Admin. Bulletin 98/10.

[195] Penal Code § 148.6 and 15 CCR § 3084.1(e).

[196] 15 CCR § 3391(d).

30



Once a prisoner has filed a staff misconduct appeal, the hiring authority (generally the warden or chief deputy warden) will determine whether the allegation warrants a formal investigation. There are two types of formal investigations, Category I and Category II. For both categories, the first formal level of review will be bypassed and the appeal assigned to the second level. The second level response will state that the allegation has been referred for investigation, that the state will not release the results of the investigation, and that the prisoner will be notified only of the conclusion of the investigation.[197]

If the reviewer determines that no formal investigation is justified, the appeal will be assigned for a first level response; if the reviewer discovers any serious misconduct, the appeal and new information shall be brought back to the attention of the hiring authority for further consideration.[198]

Non-prisoners (for example, prison visitors) make a "citizen's complaint" against a peace officer by writing to the warden of the institution or head administrator of the parole region where the officer is employed. Non-prisoners must also submit a signed CDC Form 1858.[199] Complaints filed by non-prisoners must be answered within 30 days unless there are extraordinary circumstances.[200]

If citizen's complaint appeal is granted, the allegations will be referred for a CDC investigation. The specific findings of the investigation will not be released and the person filing the complaint will be notified only that the investigation has been concluded and of the general result.[201] The Department of Corrections is required to retain citizen complaints and the related reports for at least five years.[202]

**1.28   State Personal Board, CDC Internal Affairs, CDC Ombudsman, and Independent Inspector General Requests**

In addition to the CDC and BPT appeals processes, prisoners and members of the public have other avenues for raising grievances. Indeed, several new investigatory offices were created during the 1990s in reaction to public attention to prison abuses, particularly at Pelican Bay State Prison and California State Prison–Corcoran. The various agencies to which prison conditions and staff misconduct requests can be directed are described below. Generally, prisoners should still exhaust the CDC 602 appeal process before requesting assistance from these offices.

---

[197]   CDC Admin. Bulletin 98/10.

[198]   Ibid.

[199]   DOM § 54100.25.1; 15 CCR §§ 3391(c) and (d).

[200]   DOM § 54100.25.3.

[201]   CDC Admin. Bulletin 98/10.

[202]   Penal Code § 832.5(b).

31

### A. CDC Ombudsmen

An Ombudsman investigates complaints and attempts to resolve problems, keeping all parties informed. The CDC Ombudsmen and Ombudswomen are CDC employees who have been appointed to investigate inmate complaints. There is currently an Ombudsman or Ombudswoman assigned to California State Prison–Corcoran and the Substance Abuse Treatment Facility at Corcoran, Pelican Bay State Prison, High Desert State Prison, and all four women's prisons. Prisoners at other institutions may also contact the Office of the Ombudsman.

Prisoners at a prison where there is an active Ombudsman can request interviews with the Ombudsman by putting the request in a U-Save-Em envelope. Alternatively, any prisoner can contact the Office of the Ombudsman by sending a confidential legal mail letter. The address is:

CDC Ombudsman
1515 "S" Street, 5th Floor
North Building
Sacramento, CA 95814

### B. State Personnel Board

A person who is <u>not</u> a prisoner may file with the State Personnel Board a request that adverse action be taken against any state employee.[203] The Personnel Board will then hold a hearing, after which it can impose disciplinary actions including reprimanding, dismissing, demoting or suspending the employee.[204] The address is:

State Personnel Board
Merit Appeals Office
801 Capitol Mall
Sacramento, CA 94244

The request should explain the incident and clearly request that the Board take action against the officer who is the subject of the complaint.[205] Requests to the State Personnel Board must be filed within one year of the misconduct that led to the filing.[206]

---

[203] Government Code § 19583.5. Formerly, prisoners were also able to file complaints with the State Personnel Board, but a 1992 amendment to the State Government Code now excludes prisoners from filing such complaints. <u>Ibid.</u>

[204] Government Code §§ 19406 and 19583.5.

[205] See Government Code § 19572.

[206] Government Code § 19583.5.

32


EX D 3 of 5

## C. CDC Office of Internal Affairs

A prisoner or any other person can request that the CDC Office of Internal Affairs investigate serious staff misconduct.[207] The office prefers to be contacted only after a prisoner has pursued a 602 appeal. The address is:

Office of Internal Affairs
P.O. Box 3009
Sacramento, CA 95812

## D. Office of the Inspector General

Prison conditions and staff misconduct complaints can also be sent to the Office of the Inspector General. This independent agency, which is not part of the CDC or CYA, was created specifically to investigate prison and youth facility problems.[208] Again, the Inspector General prefers to be contacted only after a 602 appeal has been pursued. The address is:

Office of the Inspector General
801 "K" Street, Suite 1900
Sacramento, CA 95814

---

[207] CDC Admin. Bulletin 97/10.

[208] Penal Code §§ 6125-6129.

33

2006 SUPPLEMENT TO THE THIRD EDITION OF

# THE
# CALIFORNIA STATE
# PRISONERS HANDBOOK

## A COMPREHENSIVE PRACTICE GUIDE
## TO PRISON & PAROLE LAW

2006 SUPPLEMENT BY
HEATHER MACKAY &
THE PRISON LAW OFFICE

THIRD EDITION BY
STEVEN FAMA, HEATHER MACKAY,
JAMES F. SMITH, MICHAEL R. SNEDEKER
&
THE PRISON LAW OFFICE

THIRD EDITION:  2001
SECOND EDITION:  1990
FIRST EDITION:  1982

Copyright © 2005 by the Prison Law Office

Published by the Prison Law Office

Cover Photo: Ruth Morgan
Cover Design: Tara Eglin


Ex D 4 of 5

*How to Order*

# The California State Prisoners Handbook, Third Edition & 2006 Supplement

*by Fama, MacKay, Smith, Snedeker & The Prison Law Office*

■ If you are paying by credit card, you can place your order by calling Rayve Productions toll-free at (800) 852-4890 or by faxing this completed form to Rayve Productions at (707) 838-2220.

■ If you are paying by credit card, check or trust account money order, you can place your order by mailing this completed form to: Rayve Productions, PO Box 726, Windsor, CA 95492

**Please note:** We are offering this book to prisoners and parolees at a special subsidized price. If you are NOT a prisoner or parolee (or are not purchasing the book for shipping directly to a prisoner), you must pay the regular price. Please call to ask about discounts for large orders.

| | |
|---|---|
| I am a prisoner or parolee (or I am purchasing this book for shipping directly to a prisoner).<br><br>Please send _____ copies of the *California State Prisoners Handbook* PLUS the 2006 Supplement. I am enclosing $40.00 for each set (which includes California sales tax, shipping and handling).<br><br>OR<br><br>Please send _____ copies of the 2006 Supplement ONLY. I am enclosing $15.00 for each supplement (which includes California sales tax, shipping and handling). | I am not a prisoner.<br><br>Please send _____ copies of the *California State Prisoners Handbook* PLUS the 2006 Supplement. I am enclosing $182.00 to cover the cost of each set (which includes California sales tax, shipping and handling).<br><br>OR<br><br>Please send _____ copies of the 2006 Supplement ONLY. I am enclosing $50.00 to cover the cost of each supplement (which includes California sales tax, shipping and handling). |

SHIP TO:

Name _____ CDC # _____ (if prisoner or parolee)

Address _____

City _____ State _____ Zip Code _____

Phone Number  ( _____ ) _____

Check or money order payable to Rayve Productions enclosed in the amount of $ _____

Charge my credit card in the amount of $ _____.  Name on card _____

Credit Card type: (circle one) Visa/Mastercard/Am Ex/Discover.  Expiration date: _____

Credit card number: _____

PRISON LAW OFFICE – For over twenty years, the non-profit Prison Law Office has been at the forefront of efforts to enforce the Constitution and other laws inside the walls of California's prisons. The Office's successful work on both individual and class action lawsuits has set the standard for prison conditions litigation. Through the California State Prisoners Handbook, James F. Smith, Michael R. Snedeker and the Prison Law Office attorneys share their extensive knowledge of the multi-faceted terrain of prison and parole law.

effect on the prisoner's First Amendment rights, even if the retaliation did not completely silence the prisoner's freedom of speech.[15]

**1.11    Third Level Review**

One prisoner obtained an unpublished court order requiring the California Medical Facility (CMF) appeals coordinator to accept and forward a Third Level appeal for review, instead of requiring the prisoner to mail the appeal to the CDC inmate appeals division himself.[16]

**1.20    Disability Accommodation Requests**

The Ninth Circuit has held that completion of the CDC Form 1824 grievance process through the Third Level satisfies the exhaustion of administrative remedies requirement for Americans with Disabilities Act (ADA) lawsuits.[17]

**1.22    Board of Prison Terms (BPT) Administrative Appeals**
**1.23    BPT Administrative Appeals: Rules and Procedure for Filing**
**1.24    BPT Appeals: C&PR Action and Decision by Board Appeals Unit**

As of May 2004, the BPT abolished its regulations regarding administrative appeals, thereby eliminating the BPT administrative appeal process. Thus, prisoners and parolees who wish to challenge a BPT decision (or currently, a BPH decision) do not need to file a BPT Form 1040 or any other type of administrative appeal before filing a court action. However, the BPT disability accommodation request procedures (BPT Forms 1073 and 1074), are still valid and should be used by prisoners to request such accommodations. (See CSPH § 1.26.)

**1.27    Citizen's Complaints (Employee Misconduct Appeals)**

The time limit for filing a citizen's complaint alleging misconduct by a peace officer is one year for non-inmates.[18] It is disputed whether that one-year timeline also applies to prisoners or whether they must file such complaints on a CDC Form 602 within the normal 15-day timeline for administrative appeals. There is no specific legal requirement the CDC establish the same time limits for prisoners and non-prisoners to file such complaints, and the CDC has apparently taken the position that the normal 602 administrative appeal timelines apply to employee misconduct appeals filed by prisoners. On the other hand, one prisoner reported receiving a response from the Chief of Inmate Appeals in September 2003 stating that prisoners have one year to file citizen's complaints,

---

[15] Rhodes v. Robinson (9th Cir. 2005) 408 F.3d 559.

[16] In re Brodheim (Solano Sup. Ct.) No. FCR 219566, Order on Petition for Writ of Habeas Corpus, filed Aug. 8, 2005.

[17] Butler v. Adams (9th Cir. 2005) 397 F.3d 1181.

[18] 15 CCR § 3391(b); "peace officer" is defined in 15 CCR § 3291(b).



and the CDC policies state that "an inmate/parolee appeal that alleges misconduct by a departmental peace officer . . . is considered to be a citizens' complaint."[19]

CDC regulations state that it is a violation of Penal Code § 148.6 to knowingly make a false complaint against a peace officer; the regulations also require a prisoner who is filing a staff misconduct complaint to sign a statement acknowledging his or her "rights and responsibilities."[20] However, one court has held that Penal Code § 148.6 violates the federal constitution's First Amendment and the Fourteenth Amendment's equal protection clause because it sets a different standard for statements about peace officers than for statements about other public officials.[21]

**1.28    State Personnel Board, CDC Internal Affairs, CDC Ombudsman and Independent Inspector General Requests**

The past few years have seen intense criticism of the CDC's internal investigation process. In several cases reviewed in state senate and federal court hearings, CDC officials were accused of shutting down internal affairs investigations into staff use of force and perjury under pressure from the California Correctional Peace Officers Union.[22] In the face of such allegations, former CDC Director Edward Alameida resigned abruptly in December 2003. The following month, a memorandum directing agents in the CDC's Office of Investigative Services not to speak to members of the state legislature was leaked to the media and prompted public outcry; the CDC then retracted the policy and issued a memorandum implementing "a zero tolerance policy concerning the Code of Silence."[23]

In November 2004, a federal judge took control of monitoring the reform process, ordering a court-appointed special master to investigate whether the prison guards' union had violated or interfered with court-ordered reforms and threatening to impose sanctions against the union.[24] The special master's report, finalized in June 2004, issued a sweeping condemnation of the prison

---

[19] Department Operations Manual [DOM] § 54100.2; see also DOM § 54100.17, which says that an inmate appeal may be treated as an emergency if it is "an appeal categorized as a citizen's complaint" filed two to three years after the alleged incident, and which thus seemingly gives prisoners a basis to argue that prison staff should process late claims in at least some cases.

[20] 15 CCR § 3084.1(e).

[21] Hamilton v. San Bernardino (C.D. Cal. 2000) 107 F.Supp.2d 1239, 1244-1248.

[22] MacLean, State Prisons Director Called to Explain, San Francisco Daily Journal, November 19, 2003, p. 2; Martin, Ex-prison Chief Could Face Charges: Report Says He and Top Aide Foiled Probe, San Francisco Chronicle, January 16, 2004.

[23] MacLean, Corrections Official Stifle Investigators, San Francisco Daily Journal, Jan. 7, 2004, p. 2; Memorandum from CDC Acting Director Richard Rimmer, "Zero Tolerance Regarding the 'Code of Silence,'" Feb. 17, 2004; MacLean, State Prison Guards Warned to Speak Up, San Francisco Daily Journal, Feb. 23, 2004, p. 2.

[24] MacLean, Prison Guard Discipline System 'Broken', San Francisco Daily Journal, Nov. 18, 2004, p. 1.

RECEIVED

JAN 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CONFIDENTIAL

LEGAL MAIL

United States District Court
Northern District of California
Attn: Clerk of the Court
450 Golden Gate Avenue
Box 36060
San Francisco, Ca. 94102

Isiah Lucas Jr.
E-91878
PVSP 6/2-133
P.O. Box 8502
Coalinga, Ca. 93210