IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR.,

    Plaintiff,

  v.

P. G. DENNIS, et al.,

    Defendants.
                           /

No. C 08-00749 CW (PR)

ORDER OF DISMISSAL

    Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.  Plaintiff did not exhaust his administrative remedies prior to filing this action, however.

    The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner

1 suits about prison life, whether they involve general circumstances
2 or particular episodes, and whether they allege excessive force or
3 some other wrong.  Porter, 534 U.S. at 532.  PLRA's exhaustion
4 requirement requires "proper exhaustion" of available
5 administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 94 (2006).
6    The State of California provides its prisoners the right to
7 appeal administratively "any departmental decision, action,
8 condition or policy perceived by those individuals as adversely
9 affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).
10 It also provides them the right to file appeals alleging misconduct
11 by correctional officers and officials.  Id. § 3084.1(e).  In order
12 to exhaust available administrative remedies within this system, a
13 prisoner must proceed through several levels of appeal:
14 (1) informal resolution; (2) formal written appeal on a CDC 602
15 inmate appeal form; (3) second level appeal to the institution head
16 or designee; and (4) third level appeal to the Director of the
17 California Department of Corrections and Rehabilitation.  Barry v.
18 Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code
19 Regs. tit. 15, § 3084.5).  A final decision from the Director's
20 level of review satisfies the exhaustion requirement under
21 § 1997e(a).  Id. at 1237-38.
22    Non-exhaustion under § 1997e(a) is an affirmative defense
23 which should be brought by defendants in an unenumerated motion to
24 dismiss under Federal Rule of Civil Procedure 12(b).  Wyatt v.
25 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a complaint
26 may be dismissed by the court for failure to exhaust if a prisoner
27 "conce[des] to nonexhaustion" and "no exception to exhaustion
28 applies."  Id. at 1120.  Here, Plaintiff conceded that he had not

United States District Court
For the Northern District of California

exhausted his administrative remedies at the time he filed his original complaint. Plaintiff has since filed a "Supplement to Existing Petition Before this Court," in which he states that he has exhausted his available administrative remedies by receiving a response from the Director's Level to the 602 inmate appeal relating to his claims. However, the Director's Level Decision on this inmate appeal was not issued until April 22, 2008, after this action had been filed on January 31, 2008. An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Therefore, this inmate appeal that concluded after the action was filed did not exhaust any claim in this action.

Accordingly, the complaint is DISMISSED without prejudice to refiling his exhausted claims in a new action. See McKinney, 311 F.3d at 1199-1201.

The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: 10/29/09

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR,

        Plaintiff,

v.

P G DENNIS et al,

        Defendant.

Case Number: CV08-00749 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 29, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah Lucas E-91878
B/2-133
Pleasant Valley State Prison
P.O. Box 8502
Coalinga, CA 93210

Dated: October 29, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

4