IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS JR., | No. C 08-00749 CW (PR) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| P. G. DENNIS, et al., | |
| Defendants. / | |

    Plaintiff Isiah Lucas Jr., a state prisoner incarcerated at Pleasant Valley State Prison, filed a civil rights action under 42 U.S.C. § 1983. His action was dismissed on October 29, 2009 because Plaintiff "conceded that he had not exhausted his administrative remedies at the time he filed his original complaint." (Oct. 29, 2010 Order at 3.) In the exhaustion section of his complaint form, Plaintiff stated the following under the "Third Formal Level" explanation: "Returned dated Dec. 31, 2007, citing: Provide written proof of the date of receipt of the original CDC 602, but the matter had been explained that staff never returned the original -- but instead a copy." (Compl. at 2.) Plaintiff then stated "YES" to the question, "Is the last level to which you appealed the highest level of appeal available to you?" (Id.) He added that he "resubmitted" his 602 appeal to the Director's Level of review. (Id.)

    In its October 29, 2009 Order, the Court stated:

> Plaintiff has since filed a "Supplement to Existing Petition Before this Court," in which he states that he has exhausted his available administrative remedies by receiving a response from the Director's Level to the 602 inmate appeal relating to his claims. However, the Director's Level Decision on this inmate appeal was not issued until April 22, 2008, after this action had been filed on January 31, 2008. An action must be dismissed

>   unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).  Therefore, this inmate appeal that concluded after the action was filed did not exhaust any claim in this action.

(Id. at 3.)

Plaintiff now moves pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's October 29, 2009 Order of Dismissal.[1]

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  Because Plaintiff's motion was not filed within ten days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  "Rule 60(b) []

---

[1] Plaintiff's "Motion for Reconsideration Due to Disability of Imprisonment," which is construed as request for an extension of time to file a motion for reconsideration, is GRANTED.

2

provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

In his motion for reconsideration, Plaintiff refers to a July 12, 2007 Order of Dismissal in his previously filed civil rights action - Lucas v. Dennis, Case No. C 07-2014 CW (PR). Plaintiff's previous action, in which he raised the same claims as the present action, was also dismissed for failure to exhaust his administrative remedies. He states that in Case No. C 07-2014 CW (PR), he "did not exhaust his administrative remedies, and such was only due to STAFF's refusal to abide by their own regulation . . . ." (Mot. at 1.) He adds, "This Court dismissed (without prejudice) the first complaint, but allowed [Plaintiff] to exhaust his administrative remedies (again) which he did and only when he had the Court's first order of dismissal attached to the

3

CDC Appeal."[2]  (Id. at 2.)  Plaintiff recognizes that to satisfy the PLRA's exhaustion requirement, "the prisoner must have completed the administrative appeal process prior to filing the law-suit."  (Id. (emphasis added).)  As mentioned above, the Court dismissed the present complaint because Plaintiff received his Director's Level Decision on the inmate appeal on April 22, 2008, after this action had been filed on January 31, 2008.  Therefore, Plaintiff argues that the delay in receiving the Director's Level Decision was not his fault, "but instead that of the Staff who were suppose[d] to have answered the appeal in a timely manner stated in the California Code of Regulations - Title 15."  (Id. at 3.)

   Plaintiff has not presented a basis for reconsideration of the dismissal because he fails to identify any voiding or satisfaction of the judgment, or any other reason justifying relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  Plaintiff argues that it was not his fault that he filed the present complaint prior to receiving the Director's Level Decision.  He blames the prison staff because they were delayed in responding to his appeal; however, this argument is unavailing.  Plaintiff was required to resubmit his appeal at the Director's level because he did not provide an explanation for submitting a copy of his 602 appeal instead of the original form. He resubmitted his appeal to the Director's level with an explanation that he never received the original 602 form, just a copy.  However, instead of waiting to receive the Director's Level Decision after resubmitting his appeal, Plaintiff filed the present

---

[2] Plaintiff claims he attached the Court's July 12, 2007 Order of Dismissal filed in Case No. C 07-2014 CW (PR) to his motion; however, he has actually attached the Court's October 29, 2009 Order of Dismissal in the present action.

4

complaint in federal court.  The Court properly dismissed this action, even if Plaintiff eventually provided proof that he fully exhausted his administrative remedies while the suit was pending. See McKinney, 311 F.3d at 1199; Vaden, 449 F.3d at 1051.

    Accordingly, Plaintiff's motion for reconsideration of the Court's October 29, 2009 Order of Dismissal (docket no. 11) is DENIED.  Because this case was dismissed without prejudice, the dismissal does not bar a new action raising the same claims.  The Clerk of the Court shall send Plaintiff a blank civil rights complaint form as well as a blank application to proceed in forma pauperis.

    This Order terminates Docket no. 11.

    IT IS SO ORDERED.

Dated: 9/13/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR,

        Plaintiff,

v.

P G DENNIS et al,

        Defendant.

Case Number: CV08-00749 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 13, 2010, I SERVED a true and correct copy(ies) of the attached, **a blank civil rights complaint form, and a blank Application to proceed in forma pauperis**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah Lucas E-91878
B/2-133
Pleasant Valley State Prison
P.O. Box 8502
Coalinga, CA 93210

Dated: September 13, 2010

                              Richard W. Wieking, Clerk
                              By: Nikki Riley, Deputy Clerk